**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Robert Chalk SCOTT, II, a/k/a Robert McHorse, Defendant-Appellant.**

**No. 80SA119.**

Supreme Court of Colorado, En Banc.

July 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for defendant-appellant.

QUINN, Justice.

The defendant, Robert Chalk Scott, II, appeals as excessive a 15–25 year sentence imposed as a result of his guilty plea to aggravated robbery, section 18–4–302, C.R.S.1973 (1978 Repl. Vol. 8). He also claims entitlement to resentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589, Colo.Sess. Laws 1977, ch. 216, 18–1–105 at 867, and further asserts that the prospective provisions of section 25 of House Bill 1589, as amended in March 1979, Colo.Sess. Laws 1979, ch. 157, sec. 25 at 672, infringe upon the rule making power of this court under Article VI, Section 21 of the Colorado Constitution.[1] The issues relating to the constitutionality of House Bill 1589 no longer raise a justiciable claim. *People v. Francis*, Colo., 628 P.2d 608, 609 n. 1 (1981). Addressing only the issue pertaining to the propriety of the sentence, we affirm the judgment.

The defendant was charged in a direct information with four counts of aggravated robbery and one count of conspiracy to commit aggravated robbery. The charges arose out of an armed robbery on July 6, 1977, at the office of Tico's Mexican Foods in Denver. The defendant entered the office building and with a handgun rounded up and robbed eight persons who were working in the office.

Pursuant to a plea agreement the district attorney filed a sixth count charging the defendant with aggravated robbery against the eight persons named as victims in counts one through four. The defendant pled guilty and all other counts were dis-

---

1. This appeal was originally filed in the court of appeals and, pursuant to sections 13–4–102(1)(b) and 13–4–110, C.R.S.1973, the case was transferred to this court on the basis of the constitutional issues relating to House Bill 1589.

missed. On the date of the offense aggravated robbery was a class 3 felony punishable by imprisonment for a term of 5 to 40 years. Section 18–1–105(1), C.R.S.1973 (1978 Repl. Vol. 8). On March 30, 1978, the court sentenced the defendant to a term of 15 to 25 years. At the time of sentencing the defendant was serving a sentence in a federal correctional institution and there also was outstanding against him a New Mexico sentence of 81 to 225 years. Pursuant to the defendant's request, the court ordered that the 15–25 year sentence be served concurrently with the New Mexico sentence at the New Mexico State penitentiary.[2]

Although the sentencing judge acceded to the defendant's request by making the sentence concurrent with the outstanding New Mexico sentence, the defendant nevertheless asserts that the length of the sentence militates against his rehabilitative needs and therefore is excessive. We do not find the sentence excessive.

■■■ Sentencing by its very nature is discretionary and a judge has wide latitude in arriving at "a synthesis which is reflective of the interests of society and the defendant." *People v. Scott,* Colo., 615 P.2d 35, 36 (1980). In evaluating the propriety or intrinsic fairness of an extended term of confinement, we focus on the nature of the offense, the character of the offender and the public interest and determine whether the record establishes a clear justification for the sentence imposed. *E. g., People v. Martinez,* Colo., 628 P.2d 608 (1981); *People v. Watkins,* Colo., 613 P.2d 633 (1980); *People v. Warren,* Colo., 612 P.2d 1124 (1980).

■■ As noted by the sentencing judge at the pre-sentence hearing, the nature of the offense was most serious. The crime was committed during a spree of criminal conduct precipitated by the defendant's escape from a community correction facility where he was serving a federal sentence, and his actions held out the potential for serious bodily injury to eight persons. The public interest in safety and deterrence is an appropriate consideration of the court especially where, as here, a repeat offender threatens the safety of others by the use of a deadly weapon. *See, e. g., People v. Hall,* Colo., 619 P.2d 492 (1980); *People v. Self,* Colo., 615 P.2d 693 (1980); *People v. Warren, supra.*

■■■ The character of the defendant offered little prospect for rehabilitation in the reasonably foreseeable future. At the time of sentencing the defendant was 39 years of age and had sustained four prior felony convictions: a 1968 Texas conviction for burglary; a 1974 federal conviction for forgery of a United States Treasury check; another 1975 federal conviction for a Dyer Act violation; and a 1977 New Mexico conviction for kidnapping, aggravated assault and criminal sexual penetration. Since the age of thirty the defendant engaged in a continuous pattern of criminal conduct that progressed from crimes against property to life threatening crimes against the person. Rehabilitation is a factor to be considered under appropriate circumstances but, with a New Mexico sentence of 81–225 years yet to be served, the defendant's claim that a concurrent sentence of 15–25 years does not address his rehabilitative needs is devoid of substance.

The defendant's statement to the probation department, as related in the presentence report, points up his potential for violence which the court legitimately considered in arriving at its sentencing decision. The defendant stated that he started using cocaine and other drugs during his

---

2. The court's imposition of a sentence concurrent with a New Mexico sentence and its order that the sentence be served at the New Mexico penitentiary were based on the Western Interstate Corrections Compact, section 24–60–801 *et seq.,* C.R.S.1973, the Interstate Corrections Compact, section 24–60–1601 *et seq.,* C.R.S. 1973, and our decision in *People v. Lewis,* 193 Colo. 203, 564 P.2d 111 (1977). The compacts authorize the courts of a party state to direct that confinement be within an institution of another party state for the purpose of providing adequate quarters and care or an appropriate program of rehabilitation or treatment. In *People v. Lewis, supra,* we held that a Colorado court has jurisdiction to impose a sentence concurrent with a sentence being served in an out-of-state institution.

federal confinement because of his dejection over parole prospects and finally "got mad and left." He "bought a gun ... went wild ... and committed some robberies in Denver," hoping to be shot when apprehended. After the Denver robberies he went to Taos, New Mexico, where he was arrested for and pled guilty to other serious and violent crimes, resulting in the extended sentence there.

The record here provides clear justification for the concurrent sentence of 15–25 years for the crime of aggravated robbery and reflects a proper assessment by the court of both the interests of society and the defendant in its sentencing decision.

The judgment is affirmed.

LEE, J., does not participate.