The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Harry Smith HOTOPP,
Defendant-Appellant.

No. 79SA415.

Supreme Court of Colorado,
En Banc.

Aug. 17, 1981.

Rehearing Denied Sept. 8, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., J. Stephen Phillips, Kathleen M. Bowers, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Charles F. Kaiser, Deputy State Public Defenders, Denver, for defendant-appellant.

DUBOFSKY, Justice.

The defendant, Harry Smith Hotopp, appeals as excessive the sentence of eight to nine years imposed as a result of his guilty plea to second-degree burglary, section 18–4–203, C.R.S. 1973 (1978 Repl. Vol. 8). The defendant also claims he is entitled to resentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589, Colo. Sess. Laws 1977, ch. 216,

18–1–105 at 867. He asserts that the prospective provisions of section 25 of House Bill 1589, as amended in March 1979, Colo. Sess. Laws 1979, ch. 157, sec. 25 at 672, infringe upon the rule making power of this court under Article VI, Section 21, of the Colorado Constitution.[1] We resolved the constitutionality of House Bill 1589 in *People v. McKenna*, Colo., 611 P.2d 574 (1980), and the issues raised by the defendant, other than the severity of his sentence, no longer present a justiciable claim. *People v. Francis*, Colo., n. 1, 630 P.2d 82, 82–83 n. 1 (1981). We affirm the sentence imposed.

The defendant was charged with second-degree burglary and habitual criminal.[2] Section 16–13–101, C.R.S. 1973 (1978 Repl. Vol. 8). On January 27, 1977, the defendant broke a plate glass window of the Frostline, Inc. store in Denver with a large rock. When the police arrived, they found him hiding in a closest in the back stock room. He later told the police he was too intoxicated to remember anything.

The defendant pled guilty on June 7, 1977, to second-degree burglary in exchange for dismissal of the habitual criminal counts. When the defendant was sentenced on July 5, 1977, second-degree burglary was a class four felony, punishable, if the defendant had a prior felony conviction, by a term of two to ten years. Sections 16–11–101(1)(d) and 18–1–105(1), C.R.S. 1973 (1978 Repl. Vol. 8). The court imposed a sentence of eight to nine years, with credit for 159 days of presentence confinement, to be served consecutively with any other sentences then being served.[3] The defendant claims that the near maximum sentence, imposed consecutively to a sentence he was already serving, was excessive. We do not agree.

Sentencing is discretionary and "a judge has wide latitude in arriving at 'a synthesis which is reflective of the interests of society and the defendant.' *People v. Scott*, Colo., 615 P.2d 35, 36 (1980)," *People v. Scott*, Colo., 630 P.2d 615, 617 (1981). Factors to be considered include the nature of the offense, the character of the offender, the public interest, and whether the record establishes a clear justification for the sentence imposed. *People v. Martinez*, Colo., 628 P.2d 608 (1981); *People v. Watkins*, Colo., 613 P.2d 633 (1980); *People v. Warren*, Colo., 612 P.2d 1124 (1980). The trial court's decision will not be overturned on appeal absent a showing that "the trial court's wide latitude is marked by a clear abuse of discretion." *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979).

The defendant, a chronic alcoholic, has a history of similar convictions. At the time of sentencing, he was thirty-eight years old and had sustained seven felony convictions between 1957 and 1972[4] and two prior juvenile adjudications. His parole had been revoked three times for commission of a felony. Habitual criminal charges, carrying a potential mandatory sentence of twenty-five to fifty years, were dismissed in exchange for the defendant's guilty plea.

The character of the defendant offered little prospect for rehabilitation. The public interest in safety and deterrence is served by the court's consideration of the defendant's seven prior felony convictions which included five separate burglaries. The record sufficiently justifies the sentence imposed.

Judgment affirmed.

HODGES, C. J., does not participate.

---

1. This case was transferred from the Court of Appeals because the defendant questioned the constitutionality of House Bill 1589. Sections 13–4–102 and 13–4–110, C.R.S. 1973.

2. The habitual criminal counts were based on the defendant's pleas of guilty to previous burglary charges. Section 16–13–101, C.R.S. 1973 (1978 Repl. Vol. 8 and 1980 Supp.).

3. On November 17, 1972, the defendant pled guilty to second-degree burglary and was sentenced to the penitentiary for a term of seven to ten years, which was to be served consecutively to a sentence which expired on October 22, 1974. He was paroled from the penitentiary on February 9, 1976, and was on parole when he committed the offense at issue here. His parole was revoked on May 2, 1977.

4. Five of the felonies were burglaries; one was larceny and the other was possession of narcotic drugs.