**The PEOPLE of the State of Colorado, Plaintiff,**

v.

**Willie Leonard MALDONADO, Defendant.**

**No. 81CA0708.**

Colorado Court of Appeals, Div. I.

Sept. 10, 1981.

KIRSHBAUM, Judge.

This is a non-adversary appellate review pursuant to C.A.R. 4(d)(3) and § 18–1–409.5, C.R.S.1973 (1978 Repl. Vol. 8) (1980 Cum. Supp.) of a sentence of three years imposed upon the defendant, Willie Leonard Maldonado, after his plea of guilty to the offense of menacing, a class five felony. The sentence exceeds the presumptive range of one to two years established by § 18–1–105(1)(a), C.R.S.1973 (1978 Repl. Vol. 8) (1980 Cum.Supp.) for class five offenses.

At the sentencing hearing, the People requested that "aggravation be found" and that defendant be "given a maximum sentence of four years on this offense." Defense counsel requested minimum sentencing. The trial court concluded that "some aggravation will not be out of order," and the judgment of sentence and mittimus in this case states that the trial court found "aggravating circumstances." The trial court made no findings of any extraordinary aggravating circumstances.

Section 18–1–105(6), C.R.S.1973 (1978 Repl. Vol. 8) (1980 Cum.Supp.) requires that a defendant must be sentenced to a term within the "presumptive range" established by the General Assembly for the particular class of offense involved unless the trial court finds that "extraordinary aggravating or mitigating circumstances" are present. Section 18–1–105(7), C.R.S.1973 (1978 Repl. Vol. 8) (1980 Cum.Supp.) requires a trial

court which imposes a sentence not within the prescribed presumptive range to make "specific written findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence." *People v. Abila*, Colo.App., 606 P.2d 81 (1980). Any "aggravating circumstances" are factors which may be considered by a trial court in determining where within the presumptive range a particular sentence should fall. Section 18–1–105(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8) (1980 Cum.Supp.); *People v. Gonzales*, Colo.App., 613 P.2d 905 (1980). Thus, the presence of aggravating circumstances is justification for imposing sentences at the higher end of the presumptive range.

Here, the attorneys and the trial court referred solely to "aggravating" circumstances throughout the sentencing proceedings. The judgment and mittimus also referred only to a finding of "aggravating" circumstances, and the trial court made no finding of the presence of any extraordinary aggravating circumstances. We conclude, therefore, that the imposition of sentence outside the presumptive range prescribed by the General Assembly for this class of offense was not authorized.

The sentence is vacated and the cause is remanded to the trial court for sentencing within the presumptive range provided by the General Assembly for this class five offense.

COYTE and STERNBERG, JJ., concur.