**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Ernest Gerald WARD, Defendant-Appellant.**

**No. 81CA0511.**

Colorado Court of Appeals, Div. II.

Sept. 1, 1983.

Rehearing Denied Oct. 6, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Ernest Gerald Ward, appeals his convictions for aggravated robbery and first degree assault and the court's imposition of sentences outside the presumptive range. We affirm in part and reverse in part.

A jury convicted Ward on charges of aggravated robbery, first degree assault, first degree kidnapping, and two counts of violent crime for his participation in an armed robbery, high-speed chase, and hostage seizure. He was sentenced to concur-

rent terms of imprisonment of 16 years plus one year of parole for aggravated robbery and first degree assault. A motion for new trial was granted as to the kidnapping charge.

**I**

Ward first claims that the court abused its discretion in denying a challenge for cause to a potential juror who admitted his long-standing bias against handguns, whose brother-in-law had been shot in a robbery 15 years earlier, and who at one point stated to the court that he was uncertain as to his ability to remain impartial.

As a preliminary matter, the record does not reflect that Ward's final peremptory challenge was expended in this matter. However, even if it were, the decision to deny a challenge for cause is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976). The juror was questioned extensively by the court and defendant's counsel on his opinions concerning handguns and the probable effect of his opinions and experiences on his evaluation of the evidence. *See People v. Taggart*, 621 P.2d 1375 (Colo.1981). The juror revealed no enmity or bias toward the defendant or the state, and he expressed an understanding of the principles upon which a fair trial is based. *See People v. Gurule*, 628 P.2d 99 (Colo.1981); § 16–10–103(1)(j), C.R.S.1973 (1978 Repl.Vol. 8); Crim.P. 24(b)(1)(X). We therefore find no abuse of discretion in this case.

**II**

Ward also contends that the jury's verdict of guilty of first degree assault under § 18–3–202(1)(e), C.R.S.1973 (1978 Repl. Vol. 8), was irreconcilable and inconsistent with its verdict of not guilty on the charge of attempted second degree murder under § 18–3–103, C.R.S.1973 (1978 Repl.Vol. 8). This contention is without merit.

■ Where, as here, the crimes charged require different elements of proof, and the jury can find from the very same evidence that an element of one crime was present while an element of another charged crime was absent, its verdicts will not be reversed for inconsistency. *People v. Morgan,* 637 P.2d 338 (Colo.1981); *see People v. Castro,* 657 P.2d 932 (Colo.1983).

### III

Ward next claims the court erred in denying his motion for a new trial on the aggravated robbery charge because the jury instructions did not inform the jury of the requisite mental state of "knowingly." Section 18–4–302(1)(b), C.R.S.1973 (1978 Repl.Vol. 8). We agree and reverse.

■ A culpable mental state is a requisite element of aggravated robbery. *People v. Smith,* 620 P.2d 232 (Colo.1980). If jury instructions taken as a whole are confusing, or imply that no mental state is required to convict, these instructions are constitutionally deficient. *People v. Mattas,* 645 P.2d 254 (Colo.1982); *People v. Martinez,* 634 P.2d 26 (Colo.1981).

■ The statutes defining robbery, § 18–4–301, C.R.S.1973 (1978 Repl.Vol. 8), and aggravated robbery as charged here, § 18–4–302(1)(b), C.R.S.1973 (1978 Repl.Vol. 8) require that the defendant knowingly take a thing of value and knowingly place the victim in fear. The jury instruction defining aggravated robbery in this case did not include the statutorily mandated culpable mental state for either the taking of a thing of value, or the placing of a victim in fear. The court did give two standard "joint operation" instructions, one defining "knowingly" and the other defining "specific intent." However, the instruction on "knowingly" did not identify aggravated robbery as a charge which required this culpable mental state. Thus, the jury was not instructed that the People had to prove the existence of a culpable mental state for the elements of the charged offense. *See People v. Mascarenas,* 666 P.2d 101 (Colo.1983). Contrary to the People's contention, this failure to instruct is not addressed in *People*

*v. Hart,* 658 P.2d 857 (Colo.1983). Therefore, we reverse the conviction on aggravated robbery and remand that charge for new trial.

### IV

■ Ward's remaining contentions relate to the court's imposition of a sentence outside the presumptive range on the charge of first degree assault. This court will not overturn the trial court's sentencing decision absent a showing that the court abused its broad discretion. *People v. Hotopp,* 632 P.2d 600 (Colo.1981).

Ward first claims that the sentence was improper under § 18–1–105(6), C.R.S.1973 (1982 Cum.Supp.) because the court stated that a sentence "within the aggravated range" was appropriate. We disagree.

■ Defendant correctly argues that where only "aggravating circumstances" exist, the court is prohibited from sentencing outside the presumptive range. Section 18–1–105(1)(b), C.R.S.1973 (1982 Cum. Supp.); *People v. Maldonado,* 635 P.2d 240 (Colo.App.1981). *See* § 18–1–105(6), C.R.S. 1973 (1982 Cum.Supp.). Here, however, even though the court did not employ the statutory phrase "extraordinary aggravating circumstances" in its findings and order, the sentence outside the presumptive range is supported in the sentencing record before us. *See People v. Hamling,* 634 P.2d 1023 (Colo.App.1981).

Unlike *Maldonado, supra,* it is clear that the People were arguing something more than mere aggravating circumstances: counsel informed the court that he intended to seek "sentence enhancement," after which he argued that defendant's criminal record and the "exceptionally aggravated" circumstances of this offense warranted an extended sentence. The court found that Ward was a danger to society. It noted that defendant's use of weapons throughout this criminal episode created a specific threat of serious bodily harm to three individuals, and that his recklessness endangered the entire community. In context,

the court's findings justify the sentence imposed.

Ward also contends that the court may not consider prior convictions as extraordinary aggravating factors for sentencing, and that, even if prior convictions may generally be considered, these could not be because they were unconstitutionally obtained, as the People conceded. We do not reach the question whether unconstitutionally obtained convictions may be considered as an extraordinary aggravating circumstance for the purpose of imposing sentences.

In the first instance, prior convictions are an appropriate consideration in sentencing outside the presumptive range. *Flower v. People,* 658 P.2d 266 (Colo.1983); *People v. Phillips,* 652 P.2d 575 (Colo.1982). As to the claimed unconstitutionality of the prior convictions, the People conceded *only* that, *if* Ward challenged their constitutionality, the People could not produce transcripts of the "Rule 11 advisements" made by the courts which entered those convictions and therefore, the People would not use those convictions to impeach Ward if he chose to testify. This did not relieve Ward of the initial burden of making a prima facie showing that the prior convictions were constitutionally deficient. *People v. Shaver,* 630 P.2d 600 (Colo.1981). This he failed to do. Thus, there was no error in considering those convictions.

Finally, Ward argues that the court improperly considered three prior arrests listed in the pre-sentence report, which ultimately were not prosecuted, which were unrelated to the present offense, and which counsel challenged as inaccurate. However, here there is ample competent evidence supporting the court's sentence and whether the court did consider the prior arrests is not established in the record.

As to the offense of first degree assault and related violent crime determination, the judgment and the sentence are affirmed, the judgment of conviction for aggravated robbery is reversed and the cause is remanded for new trial.

PIERCE and SMITH, JJ., concur.