The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Arvell HORTON, Jr.,
Defendant-Appellant.

No. 82CA0929.

Colorado Court of Appeals,
Div. III.

April 5, 1984.

Rehearing Denied April 26, 1984.

Certiorari Denied June 18, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a jury trial, the defendant, Arvell Horton, Jr., was convicted of first degree felony murder, first degree sexual assault, second degree murder and violent crime. He was sentenced to the Department of Corrections for concurrent terms of life imprisonment (first degree murder), 12 years (first degree sexual assault), and 12 years (second degree assault), and he appeals. We affirm in part and reverse in part.

Horton was arrested following an attack on a woman on October 31, 1981. The victim suffered multiple stab wounds to several vital organs and died from blood loss secondary to wounds to the heart and

a lung. Horton eventually confessed to the killing.

Horton was charged with first degree murder under alternative theories of murder after deliberation and felony murder committed in the course of a sexual assault in the first degree, first degree sexual assault, and violent crime. The trial court instructed the jury on each of the counts, and on second degree murder as a lesser included offense of first degree murder after deliberation. The jury returned verdicts of guilty on the charges of first degree felony murder, second degree murder, first degree sexual assault, and of commission of a violent crime by use of a deadly weapon.

### I.

Horton first contends that the trial court erred in denying his challenge for cause to a prospective juror. We disagree.

During an *in camera* voir dire examination, a prospective juror informed the court that she had been raped by a black man who had broken into her apartment approximately three years previously. Horton is black. The juror, although admitting that if she were facing the charges she "would probably want someone with no previous experience that would prejudice me in any way, shape or manner" on the jury, stated that she was not prejudiced and that she did not think her past experience would influence her against Horton. She also stated that she believed herself to be analytical and extremely pragmatic.

The trial court then denied Horton's challenge for cause. Subsequently, during voir dire in open court, the juror again declared that she could be fair and impartial. Defense counsel then excused the juror through the exercise of a peremptory challenge, and all Horton's peremptory challenges were exercised during voir dire. Horton now argues that because of the trial court's refusal to grant his challenge for cause, he was denied his statutorily granted number of peremptory challenges.

■ "Generally, the decision of the trial judge to deny a challenge for cause will not be disturbed on review in the absence of a manifest abuse of discretion." *People v. Taggart,* 621 P.2d 1375 (Colo.1981); *People v. Ward,* 673 P.2d 47 (Colo.App.1983).

■ Here, the juror was questioned extensively by the court and Horton's counsel and the juror declared that she could be fair and impartial and base her verdict solely on the evidence presented. She revealed no enmity or bias toward Horton or the state. We find no abuse of discretion. *People v. Taggart, supra; People v. Ward, supra.*

### II.

Horton also contends that the trial court erred in failing to poll the jury or declare a mistrial because of misconduct in the courtroom by members of the victim's family. We disagree.

Here, following the testimony of the victim's daughter, the court granted the People's request to release her from her subpoena so that she could join her family in the courtroom and view the remainder of the trial.

Defense counsel objected, noting that Horton had received threats from the victim's family, and voiced concern about possible outbursts from the family during the trial. The court permitted the daughter to remain following the People's assurances that the family would exercise restraint.

Subsequently, a videotape of the crime scene was shown. After it was shown, defense counsel informed the court, out of the presence of the jury, that a member of the victim's family had said, "that son of a bitch," while watching it. Defense counsel moved for a mistrial, although admitting it was uncertain whether any jurors had heard the remark. The People then noted that before a mistrial could be granted the jury should be polled to determine if anyone heard the comment. The trial court denied the motion for mistrial and did not poll the jury, but instead suggested that

the family be moved to the other side of the courtroom, away from the jury.

■ "The right to a fair trial includes the right to a trial free from audience demonstrations which may intimidate or prejudicially affect the jury ... [however], [i]n cases of audience misbehavior, a mistrial need be granted only in extraordinary circumstances to prevent an injustice and should be left to the discretion of the trial judge who is in the best position to judge the effect the impropriety might have on the jury." *People v. Thatcher,* 638 P.2d 760 (Colo.1981); *Hafer v. People,* 177 Colo. 52, 492 P.2d 847 (1972). We find no abuse of discretion here.

The trial court had received assurances that the family would be restrained during the trial and that it was prepared for things which would prove upsetting. Defense counsel had to inform the court of the remark because the court apparently did not hear it, and defense counsel admitted that it was uncertain that any of the jurors heard it. This is not an extraordinary circumstance which would lead to injustice if a mistrial were not granted. *People v. Thatcher, supra.*

In addition, the polling of the jury "might have had the effect of calling unnoticed acts to the jury's attention." *People v. Thatcher, supra.* Thus, the trial court's decision was sound and well within the bounds of its discretion.

## III.

We do agree, however, with Horton's contention that the trial court erred in entering judgment and imposing sentences for each of the jury findings of first degree felony murder, second degree murder, and first degree sexual assault.

Section 18–1–408(1)(a), C.R.S. (1978 Repl. Vol. 8), prohibits multiple convictions of more than one offense if "[o]ne offense is included in the other as defined in subsection (5) of this section." As relevant here, under § 18–1–408(5)(c), C.R.S. (1978 Repl. Vol. 5) an offense is included in the other when:

"It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

*See People v. Raymer,* 662 P.2d 1066 (Colo. 1983).

Section 18–3–102(1)(b), C.R.S. (1978 Repl. Vol. 8), the felony murder provision, provides in pertinent part that a person commits the crime of murder in the first degree if:

"[a]cting either alone or with one or more persons, he commits or attempts to commit *sexual assault* in the first or second degree ... and, in the course of or in furtherance of the crime that he is committing or attempting to commit ... the death of a person, other than one of the participants, is caused by anyone ...." (emphasis added)

■ Horton was convicted of felony murder based on the underlying felony of first degree sexual assault. Where, as here, the first degree sexual assault victim is killed during the course of the assault, the charge of first degree sexual assault "differs from the charge of felony murder only in the sense contemplated by section 18–1–408(5)(c), namely, that any injury less serious than death suffices to establish its commission." *People v. Raymer, supra.* Hence, the first degree sexual assault charge was a lesser included offense of the felony murder charge within the meaning of § 18–1–408(5)(c).

■ Under these circumstances, Horton's conviction of the greater offense of felony murder, predicated as it is upon his killing of the sexual assault victim, precludes his simultaneous conviction of the lesser included offense of first degree sexual assault. *Cf. People v. Bartowsheski,* 661 P.2d 235 (Colo.1983).

■ We next consider Horton's conviction of second degree murder in addition to the first degree felony murder conviction for the death of the victim. Horton was charged with the murder after deliberation

and felony murder. However, "[o]nly one conviction of murder is permitted for the killing of one victim." *People v. Lowe,* 660 P.2d 1261 (Colo.1983). Thus, both convictions may not stand.

■ As noted in *People v. Lowe, supra,* the prosecution should be allowed to charge multiple theories of first degree murder in separate counts, and it may, but should not be required to, elect among theories after all the evidence has been presented. If there is sufficient evidence in the record, all theories charged should be submitted to the jury for a special verdict. The jury should be informed that the defendant is charged with one crime, first degree murder. The jury's special verdict should indicate which theories of first degree murder, if any, have been proved by the evidence. *People v. Lowe, supra.*

However, where, as here, the jury returns a verdict of guilty on only one of the theories of first degree murder, *i.e.,* felony murder, and returns a verdict of guilty of second degree murder as a lesser included offense in the charge of murder after deliberation, the theory upon which the jury reached its verdict as to the charge of first degree murder is evident.

■ Therefore, the first degree felony murder conviction and sentence, and violent crime conviction are affirmed. The conviction and sentences of first degree sexual assault and second degree murder are reversed, and the cause is remanded to the trial court with directions to delete those convictions from the judgment.

VAN CISE and METZGER, JJ., concur.