### 43665. DUNCAN v. THE STATE.
(349 SE2d 699)

SMITH, Justice.

A Chatham County jury found the appellant, Ronald Duncan, guilty of murder and armed robbery. He received a life sentence for murder and twenty years' imprisonment on the armed robbery count. He raises three issues on appeal. We affirm.[1]

On June 17, 1985, the victim, driving a white Oldsmobile Cutlass, stopped Duncan as he was riding his bicycle on Bull Street in Savannah, and asked Duncan if he would commit a homosexual act with him. Duncan consented, placed his bicycle in the back of the victim's car, and rode with the victim to the Shavers Motel in Garden City. The victim gave Duncan $15, and Duncan checked them in at the front desk.

Once ensconced in their room, the victim and Duncan did what they had come to do. At that point, apparently, the victim asked Duncan to perform another sexual act with him. In the aftermath of the subsequent disagreement, Duncan stabbed the victim once in the face, killing him.

Duncan spent the next few days driving the victim's car between Bluffton, South Carolina, and Savannah. Eventually, police officers from Beaufort County, South Carolina, apprehended Duncan in Bluffton. They found the victim's car on a dirt road near Duncan's

---

[1] The crime was committed on June 17, 1985. The Chatham County jury returned its verdict of guilty on February 19, 1986. The transcript of evidence was filed June 23, 1986. A notice of appeal was filed March 4, 1986. The record was docketed in this Court on July 8, 1986, and the case was submitted on August 22, 1986.

uncle's home.

1. We find the evidence sufficient to uphold the jury's verdict under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Duncan asserts that the trial court should have declared a mistrial following an emotional outburst by the victim's mother while she was on the stand.

The prosecutor asked the victim's mother, as she testified, if she could identify a picture of her son, taken after he had been stabbed. As she reached for the picture, she said, "Oh my God . . . Give me that." The trial judge immediately excused the jury.

After the jury was taken out, the judge told the victim's mother that if she did not control herself he would have to declare a mistrial and send the jury home. She said that she would control herself. When the jury returned, the judge instructed the jury to ignore the outburst. He then instructed the jury as to the presumption of innocence and the burden of proof in a criminal trial. We find the judge's actions appropriate, and we thus find no abuse of discretion in his denial of Duncan's motion for a mistrial. *White v. State*. 255 Ga. 210, 214 (336 SE2d 777) (1985).

3. The appellant next contends that the trial court erred in allowing into evidence a photograph of the victim's face showing his stab wound after it had been washed.

The record indicates that the trial judge screened the more gruesome photographs of the victim. The picture introduced into evidence shows a wound that appears to be almost a clinical incision into the victim's cheek. It shows the location and nature of the wound in the least gruesome manner possible. We find no error. *Hill v. State*, 254 Ga. 213, 214 (326 SE2d 757) (1985).

4. Duncan finally claims that since police removed a sheet from the victim before taking a photograph of him, his body was altered, and the trial judge thus erred in admitting the photograph into evidence under the standard established in *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).

Removal of a sheet covering a victim's body does not constitute alteration of the body in the manner discussed in *Brown*, supra. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1986.

*George A. Zettler*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory R. Jacobs, Assistant District Attorney, Michael J. Bowers, Attorney General, Ed-*

*die Snelling, Jr., Assistant Attorney General,* for appellee.