The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Michael A. McGUIRE, Defendant–Appellant.

No. 86CA1166.

Colorado Court of Appeals, Div. III.

Dec. 31, 1987.

Rehearing Denied Feb. 4, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen. (on the briefs), and John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Michael A. McGuire, appeals the judgment of conviction and sentence imposed by the trial court upon his conviction by jury of first degree sexual assault, second degree assault, and menacing. We affirm.

Defendant argues 1) that the trial court erred in denying his motion to dismiss the sexual assault charge based upon the marital rape exception in § 18–3–409, C.R.S. (1986 Repl.Vol. 8B) and 2) that the trial court abused its discretion in failing to grant a mistrial based on misconduct in the courtroom by the complaining witness.

Section 18–3–409 provides:

"(1) The criminal sexual assault offenses ... shall not apply to acts between persons who are married, either statutorily, putatively, or by common law.

"(2) The criminal sexual assault offenses ... shall apply to spouses living apart, with the intent to live apart, whether or not under a decree of judicial separation."

Defendant and complaining witness had participated in a marriage ceremony; however, at that time, defendant had not divorced his first wife and the complaining witness was unaware of this impediment until after the incident at issue.

■ Defendant argues that he is the putative spouse of the complaining witness pursuant to § 14–2–111, C.R.S. (1987 Repl. Vol. 6B), which provides:

"Any person who has cohabited with another to whom he is not legally married *in the good faith belief that he was married to that person* is a putative spouse until knowledge of the fact that he is not legally married terminates his status and prevents acquisition of further rights." (emphasis supplied)

We reject defendant's contention. It is undisputed that throughout the period of his cohabitation with the complaining witness defendant knew that he was in fact married to another person. This undisputed fact negates any good faith belief which, under factually different circumstances, might be available to a participant in an invalid marriage. Section 14–2–111 was enacted to protect innocent participants in meretricious relationships and the children of those relationships. It was not for the purpose of affording protection to the perpetrator of an invalid marriage. *See Williams v. Fireman's Fund Insurance Co.,* 670 P.2d 453 (Colo.App.1983).

Because of our determination that defendant was not a putative spouse, we do not address whether, under the circumstances at issue, defendant and the complaining witness were in fact spouses living apart.

Finally, we reject defendant's contention that the trial court abused its discretion in failing to grant a mistrial. During defense's closing argument, the complaining witness, in apparent responses to certain statements being made by defense counsel, audibly stated, "You're a liar." After arguments were concluded, defendant moved for a mistrial.

The right to a fair trial includes the right to a trial free from audience demonstrations which may contaminate or prejudicially affect the jury. *People v. Thatcher*, 638 P.2d 760 (Colo.1981). However, a mistrial need be granted only in extraordinary circumstances to prevent any injustice. The decision to grant a mistrial should be left to the discretion of the trial court, which is best able to judge the effect of the claimed impropriety upon the jury. *People v. Thatcher, supra.*

We are in no position to second guess the trial court upon the prejudice, if any, that occurred from this statement. *See People v. Horton*, 683 P.2d 358 (Colo.App.1984).

Judgment of conviction and sentence affirmed.

STERNBERG and BABCOCK, JJ., concur.