The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael Henry SCHRECONGOST,
Defendant–Appellant.

No. 88CA0384.

Colorado Court of Appeals,
Div. I.

April 5, 1990.

Rehearing Denied May 17, 1990.

Certiorari Granted Sept. 10, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Richard A. Hostetler, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Michael Henry Schrecongost, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of second degree kidnapping and first degree sexual assault. He also appeals the sentences imposed. We affirm.

The victim in this case was an acquaintance of defendant and co-defendant, Ron Hayes Johnson. The record establishes that, after agreeing to enter Johnson's vehicle for the purpose of showing defendant where her brother lived, the victim was taken to a bar against her will and then sexually assaulted by both men in Johnson's vehicle after they left the bar. The victim escaped when defendants took her to a motel and she was able to summon the attention of the motel's manager. Defendants fled the scene, but were apprehended shortly thereafter by police, based on a broadcast description of the suspect vehicle.

## I.

Defendant contends that the trial court erred by denying his motion for sanctions based upon the loss of his pubic hair sample. We disagree.

■ A defendant is entitled to have sanctions imposed against the prosecution if his due process rights have been violated by the prosecution's failure to preserve material evidence. *People v. Enriquez*, 763 P.2d 1033 (Colo.1988). The standard for determining the materiality of potentially exculpatory evidence requires that the evidence must both possess an exculpatory value that was apparent before the evidence was later destroyed or lost and must be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *People v. Greathouse*, 742 P.2d 334 (Colo.1987).

Furthermore, the failure to preserve potentially useful evidence does not constitute a denial of due process of law unless the defendant can show bad faith on the part of the police. *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). The focus of inquiry is on the state's blameworthiness since the state is required to preserve only evidence that "might be expected to play a significant role in the suspect's defense." *California v. Trombetta, supra.*

Here, the victim was at the end of her menstrual cycle at the time of the alleged sexual assault. Defendant argues that an absence of menstrual blood on the lost sample of pubic hair would have exonerated him from the sexual assault charge. However, even if the sample of pubic hairs failed to show traces of the victim's menstrual blood, that fact would not necessarily exonerate the defendant. Thus, we conclude that no apparent exculpatory value had attached to the hair sample prior to its loss and that the trial court properly denied the motion for sanctions.

## II.

■ Defendant next contends that the trial court erred by denying his motion for a mistrial based on a witness' reference to the presence of marijuana in co-defendant's vehicle at the time of defendant's arrest. We disagree.

The trial court has broad discretion to grant or deny a mistrial, and its decision will not be disturbed on appeal absent a gross abuse of that discretion and prejudice to the defendant. *People v. Abbott*, 690 P.2d 1263 (Colo.1984). The factors relevant to determining whether to grant a mistrial include the nature of the inadmissible evidence, the weight of admissible evidence of guilt, and the value of a cautionary instruction. *People v. Vigil*, 718 P.2d 496 (Colo. 1986).

Here, the trial court verbally instructed the jury to disregard the brief, unelicited reference to marijuana and included a similar written instruction for reference during the jury's deliberations. Moreover, we find that the evidence of defendant's guilt is substantial, and that there is little reason to assume that the jury's verdict was influenced to any significant extent by its exposure to the challenged testimony. Considering these factors, we conclude that the trial court did not abuse its discretion in denying a mistrial.

## III.

■ Defendant next contends that he was denied his right to effective assistance of counsel by the failure of his trial counsel to attend his parole revocation hearing. The hearing arose from his arrest for the crimes charged in this case. He argues that, by failing to attend the hearing, his trial counsel missed an opportunity to investigate and prepare for trial by obtaining instances of inconsistent testimony given by the victim. We reject defendant's contention that the failure of his trial counsel to attend the hearing constitutes grounds for a reversal.

Although defendant failed to raise the issue at trial or in his motion for a new trial, we have jurisdiction to consider it on appeal since whether a defendant received effective assistance of counsel concerns a fundamental constitutional right. *Armstrong v. People*, 701 P.2d 17 (Colo.1985). However, no evidence appears in the record to show that counsel's failure to attend the parole revocation hearing fell below an objective standard of reasonableness or that

counsel's actions had an effect on the outcome of the trial. Therefore, we hold that defendant has failed to establish a claim of ineffective assistance of counsel.

### IV.

Defendant contends that the trial court erred in denying his motion to dismiss because of an inaudible recording of his parole revocation hearing. We disagree.

The loss or destruction of evidence requires a dismissal of the charges against defendant only if it impairs defendant's ability to defend against those charges. *People v. Holloway*, 649 P.2d 318 (Colo. 1982).

■ We note that it was not the duty of the prosecution to preserve the evidence at issue here. Furthermore, neither the state parole board nor an administrative law judge conducting a parole revocation hearing has a statutory duty to preserve the testimony presented therein. Section 17–2–101 et seq., C.R.S. (1986 Repl.Vol. 8A).

The trial court relied on § 17–2–103(9)(a), C.R.S. (1986 Repl.Vol. 8A) in denying the motion. That statute provides, in pertinent part, that:

"When it appears that the alleged violation of a condition or conditions of parole consists of an offense with which the parolee is charged in a criminal case then pending, testimony given before the board or the hearing officer in a parole revocation proceeding shall not be admissible in such criminal proceeding before a court."

Statutory terms are given effect according to their plain and obvious meaning. *Charnes v. Lobato*, 743 P.2d 27 (Colo.1987).

■ At the motion hearing, defendant testified that the victim's testimony, concerning whether she had been drinking and other details of the sexual assault, differed at the parole hearing from prior statements by the victim and those presented at the preliminary hearing. Defendant argued that he was denied his right to confront the victim concerning those statements because the testimony had not been properly preserved. The trial court denied the motion on the grounds that defendant's due process rights had not been violated because, even if the testimony had been preserved, § 17–2–103(9)(a) would preclude its use in this case. We find no error in the trial court's analysis and conclude that the trial court properly denied the motion.

We do not address defendant's challenge of the constitutionality of § 17–2–103(9)(a), as we lack jurisdiction to consider the issue. Section 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A); *People v. Salazar*, 715 P.2d 1265 (Colo.App.1985).

### V.

■ Defendant next contends that the trial court erred by denying his motion for a mistrial based upon juror misconduct. We disagree.

In cases involving juror misconduct, the test to determine whether a new trial is required is whether there is a reasonable possibility that the verdict was affected by the introduction of outside information or influences into the jury's deliberations. *Wiser v. People*, 732 P.2d 1139 (Colo.1987).

Defense counsel brought to the court's attention the fact that a book containing criminal statutes was seen in a room where the jury had been deliberating. The court inquired of the jurors if they had looked at the book, and one juror, a chemist, responded that he had looked at a section dealing with drugs and pharmacies. He did not read any statutes relating to the offenses for which defendant was on trial. None of the other jurors looked at the book. Thus, the record supports the conclusion that the jury was not influenced by exposure to the book and, further, that the verdict was unaffected thereby. We, therefore, conclude that the trial court properly denied the motion for mistrial.

### VI.

■ Defendant contends the trial court abused its discretion by imposing sentences in the upper end of the aggravated range and by ordering the two sentences to be served consecutively. We find no error.

Sentencing is a discretionary function of the trial court, and therefore, the trial

court's decision will not be disturbed on appeal absent a clear abuse of discretion. *People v. Watkins*, 684 P.2d 234 (Colo. 1984).

Factors to be considered by the trial court in determining an appropriate sentence include the nature of the offense, the character of the offender, the public interest, and whether the record establishes a clear justification for the sentence imposed. *People v. Hotopp*, 632 P.2d 600 (Colo.1981). When a defendant is convicted of multiple offenses, the sentencing court has discretion to impose sentences to be served either concurrently with or consecutively to each other. *Qureshi v. District Court*, 727 P.2d 45 (Colo.1986).

Here, the trial court considered defendant's five prior felony convictions, his release on parole only seventeen days prior to the commission of these offenses, and the nature of the offenses. Because the record supports the sentences, we find no abuse of discretion and refuse to disturb them on appeal.

To the extent that the issues raised are within our jurisdiction, the judgment is affirmed. The sentences imposed are also affirmed.

METZGER and REED, JJ., concur.