S95A0365. CARR v. THE STATE.
S95A0367. COLLIER v. THE STATE.
(457 SE2d 559)

THOMPSON, Justice.

Dennis Lamar Carr and Willie Collier, Jr., appeal their convictions for malice murder,[1] asserting, primarily, that the trial court erred in admitting autopsy photographs into evidence. Because the photographs were admissible to show material facts which became apparent as a result of the autopsy, we affirm.

1. The challenged photographs depict the victim's skull without the scalp, and the victim's hyoid bone. The photograph of the skull demonstrated material facts concerning the cause of death — blunt head trauma. The photograph of the hyoid bone demonstrated material facts concerning the manner of death — pressure applied to the victim's neck. Because these facts did not become apparent until the autopsy, the photographs were admissible to aid the pathologist in describing the cause and manner of death. *Thornton v. State,* 264 Ga. 563, 571 (449 SE2d 98) (1994); *Williams v. State,* 259 Ga. 495, 497 (384 SE2d 654) (1989); *Brown v. State,* 250 Ga. 862 (5) (302 SE2d 347) (1983).

2. Collier contends the trial court erred in admitting 40 or 50 photographs because they were exceptionally gruesome. Other than the two autopsy photographs discussed in Division 1, no specific photograph is identified as having been admitted erroneously. Accordingly, this contention presents nothing for review.

3. The evidence demonstrated that defendants, Bennie Collier, and the victim were travelling together in an automobile; that defend-

---

[1] The victim was killed on or about October 15, 1993. Defendants were indicted on December 15, 1993, and charged with murder, felony murder and aggravated assault. The jury found defendants guilty on all counts and they were sentenced to life in prison for murder on July 8, 1994. Defendant Collier timely filed a motion for new trial which was overruled on October 21, 1994. Defendants timely filed notices of appeal. The cases were docketed in this Court on November 23, 1994 and submitted on briefs on January 16, 1995.

ants fought with the victim, quickly subdued him, and held him by the throat while they smashed his skull against the ground and stomped his head; that they left him in their automobile; and that he might have survived if he had been given prompt medical attention. The evidence was sufficient to enable any rational trier of fact to find defendants guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Broomfield v. State*, 264 Ga. 145 (442 SE2d 242) (1994).

4. The trial court took appropriate steps to insure that demonstrations and outbursts did not take place during the trial. See *Duncan v. State*, 256 Ga. 391, 392 (349 SE2d 699) (1986); *Forney v. State*, 255 Ga. 316, 318 (338 SE2d 252) (1986). Defendants were not denied a fair and impartial trial as a result of any outburst. See *Mosley v. State*, 257 Ga. 382, 384 (359 SE2d 653) (1987).

5. The post-trial declaration by Carr that Collier had "very little to do with the fight" is merely impeaching and does not warrant a new trial on the basis of newly discovered evidence. *Stroud v. State*, 247 Ga. 395 (276 SE2d 597) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 1995 —
RECONSIDERATION DENIED JUNE 23, 1995.

*Glenn B. Icard, Jr.,* for appellants.

*Robert E. Keller, District Attorney, Mary D. Hanks, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.