The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gabriel X. NED, a/k/a Gable X. Ned, Defendant–Appellant.

No. 93CA1269.

Colorado Court of Appeals, Div. V.

Jan. 25, 1996.

Rehearing Denied Feb. 29, 1996.

Certiorari Denied Sept. 9, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Miles Madorin, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Gable X. Ned, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree murder. We affirm.

According to the prosecution's evidence, in August 1992, a family dispute led to the victim and his stepbrother becoming engaged in a fight. With the acquiescence of defendant, the combatants' stepfather, the fight was permitted to continue outside the house.

While the two brothers were fighting, victim made a sudden move and hit defendant in the jaw. Defendant stepped away from the men. The stepbrother then pinned victim on the ground and had almost total control over him. At the same time, defendant moved towards the men as though he was going to break up the fight. Instead, however, defendant stabbed victim in the heart, fatally wounding him.

Defendant's testimony was that he had intended to help the victim, but the victim grabbed his legs causing him to be afraid the victim might hurt him, so he "nicked" victim in the chest with a pocket knife.

## I.

■ Defendant first contends that the trial court erred in granting the prosecution's challenge for cause of a prospective juror. We disagree.

■ The trial court should sustain a challenge for cause of a potential juror if there exists a state of mind in the juror evincing enmity or bias toward the defendant or the prosecution. The test to be applied is whether it appears that the potential juror would render a fair and impartial verdict based upon the evidence presented at trial and the instructions given by the court. *People v. Schmidt,* 885 P.2d 312 (Colo.App.1994).

■ When a prospective juror is challenged on the basis of a statement that on its face depicts enmity or bias toward the defendant or the state, the challenge should be sustained unless a later examination of the juror clearly demonstrates that the juror's original statement was the result of mistake, confusion, or some other factor that will have no effect on the juror's ability to render a fair and impartial verdict. If the trial court doubts the juror's ability to be impartial under such circumstances, it should resolve the doubt by sustaining the challenge. *People v. Russo,* 713 P.2d 356 (Colo.1986).

■ A trial court is vested with broad discretion in deciding whether to grant or deny a challenge for cause of a potential juror, and its decision will be set aside only when the record discloses a clear abuse of discretion. *People v. Schmidt, supra.*

Here, during voir dire, a prospective juror indicated that she was concerned "about age-kind-of-related issues" and that, because defendant was elderly, she would be "sensitive" and perhaps biased in his favor. Upon further questioning by the prosecution as to whether she would be biased, the following colloquy occurred:

Juror: I'm not sure. I think it can go either way. It's hard for me. I think I try to keep my objective viewpoint, but I think it's hard also to escape. But I can't say in that issue.

Prosecutor: So you think it would be difficult to be a juror given your activities and Mr. Ned's age, is that ——

Juror: Right.

Prosecutor: Do you have a bias in favor of him at this point in terms of his age?

Juror: Yeah; yeah.

Defense counsel then questioned the prospective juror. Defendant now contends those subsequent questions rehabilitated the prospective juror. Although it is true that she initially indicated she could be fair and impartial, when the court asked her if she could be fair to both sides, she responded:

At this point, I would say I could be. I just —— I do still have concerns. I mean, I think—I think I would, but I would be taking in the facts and not, as you were saying, leaning in terms of one way or another, necessarily in regard to that; saying you have an extra burden. But that I would think that I would be sensitive to how we view older people, we view handicapped people, that sort of thing. And that would be something I would definitely take into consideration in this case.

After assessing this answer, the trial court found the prospective juror could not be fair and granted the prosecution's challenge for cause. Upon reviewing the record, we perceive no abuse of discretion.

## II.

■ Defendant next contends the trial court abused its discretion in allowing testimony concerning his relationships with family members other than the victim. More specifically, defendant claims that such testimony was prejudicial and that the trial court abused its discretion in denying his motion for mistrial based on the testimony. Again, we disagree.

■ A mistrial is a drastic remedy and is warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. The granting of a motion for mistrial is within the sound discretion of the trial court. *People v. Evans*, 886 P.2d 288 (Colo.App. 1994).

■ A trial court can better evaluate any adverse effect that improper testimony might have upon a jury than can a reviewing court. Thus, absent an abuse of discretion, the trial court's denial of a motion for mistrial will not be disturbed on review. *People v. Price*, 903 P.2d 1190 (Colo.App.1995).

The first two instances of alleged prejudicial testimony occurred during the direct examinations of victim's two stepsisters. In the first instance, the following colloquy occurred:

Prosecutor: What did you do after [victim] got home, basically briefly, what did you do between then and, say, 10·o'clock?

Witness: Just sat around with the kids. And, you know, we watched TV, and my mom had cooked dinner. And me and my father and my sister ... was having a semi-argument with my dad about things that had been going on for years, and—

Defendant objected to this testimony on the grounds that the prosecutor was evoking forbidden testimony regarding earlier problems between defendant and the other children. However, the trial court found no prejudice and stated that it would not instruct the jury to disregard the testimony.

In the second instance, another stepsister testified as follows:

Prosecutor: What happened later that evening, after everyone was home?

Witness: When I came in I was telling [my sister] how my dad started an argument.

Defense counsel again objected on the grounds of relevancy. The trial court instructed the prosecutor to rephrase the question and the following colloquy occurred:

Q: Aside from anything that happened about the driving, what happened in relationship that night, did your family have dinner or what type of things happened then?

A: Yeah. Before we ate dinner, [my sister] and I, my father we were having a discussion as to how he would act over the years—

Again, defense counsel objected, asserting that the prosecution was eliciting forbidden testimony. The trial court instructed the prosecution to lead the witness through this portion of the testimony. Defendant did not request a limiting instruction.

At the conclusion of that witness' testimony, defendant moved for a mistrial, asserting that the prosecution had improperly elicited the testimony. Treating the issue as one of prosecutorial misconduct, the court denied the motion for mistrial, finding that no such misconduct had occurred. In so ruling, the court stated that it disagreed with defense counsel's perception of the situation; that nothing about the prosecutor's questions had

elicited the answers about which defense counsel complained; and that the information defense counsel was concerned about did not get into the record and was not heard by the jury.

A trial court must determine whether alleged prosecutorial misconduct probably influenced the jury's result or affected the fairness of the proceedings. *Harris v. People,* 888 P.2d 259 (Colo.1995). Allegedly improper questions must be considered in the context of the testimony as a whole and in light of the evidence. *See People v. Roy,* 723 P.2d 1345 (Colo.1986).

Here, we agree with the trial court that there was no prosecutorial misconduct and we reject defendant's contention that the testimony was irrelevant and highly prejudicial. The testimony did not refer to any specific acts committed by defendant against a particular family member, it contained no discussion of violence, and it made no reference to bad feelings between defendant and his family. Further, defendant has failed to show any prejudice resulting from the testimony. Speculation of prejudice is insufficient to warrant reversal of a trial court's denial of a motion for mistrial. *See People v. Conley,* 804 P.2d 240 (Colo.App.1990).

Nor are we persuaded by defendant's contention that the prosecutor elicited these comments. Rather, they were made in response to open-ended questions and, once defense counsel objected to the testimony, the prosecutor ended that line of questioning.

Thus, given the speculative nature of any prejudice to defendant, the fact that the prosecution did not intentionally educe the remarks, and the peripheral nature of the comments, we conclude that the trial court's refusal to grant a mistrial was not an abuse of discretion. *See People v. Price, supra.*

### III.

Defendant next contends that comments made during the stepbrother's redirect examination were unduly prejudicial and that the trial court abused its discretion in failing to grant a mistrial based on that testimony. We are not persuaded.

On cross-examination, victim's stepbrother testified that, after the stabbing, he threw defendant onto the ground with such force that he could have caused defendant's broken jaw. In an attempt to impeach the credibility of the witness, *defense counsel* asked the stepbrother about his and his family's opposition to defendant's release on bond at a prior hearing. In response, the witness admitted that neither he nor other members of his family wanted defendant released from jail.

On redirect examination, the following colloquy occurred:

Prosecutor: Sir, why did you not want your father to get out of jail?

Witness: 'Cause he just been—just so bad to the family, you know.

Defense Counsel: Objection, Your Honor. I object to that. I think it's improper.

The Court: Overruled. The door's been opened.

Prosecutor: Why did you not want him to get out of jail, sir?

Witness: It's just that, you know, he finally—that is, you know, my opinion, he just finally did something this time that, you know, he has to pay for. He can't—he's not going to be able to get away with this time. He's done all kinds of stuff, and finally this time it's time for him to get his turn to suffer.

Defendant now argues that this testimony was unduly prejudicial and that the trial court abused its discretion in refusing to grant a mistrial based upon it. However, defendant opened the door by first asking the witness on cross-examination about his and his family's feelings about defendant's release from jail. Accordingly, the trial court did not abuse its discretion in denying defendant's motion for mistrial. *See People v. Pennese,* 830 P.2d 1085 (Colo.App.1991) (inasmuch as defendant opened the door, prosecution could pursue questions about defendant's character).

### IV.

Defendant also contends the trial court erred in failing to give an instruction after each witness' allegedly prejudicial testimony. According to the defendant, the court

should have advised the jury of the specific purpose of the evidence and the fact that the jury should consider it as evidence for no other purpose. *See COLJI–Crim.* No. 2:02 (1983).

However, since defendant did not request a limiting instruction, the court's failure to give one is not reversible error. *People v. Pennese, supra.*

## V.

■ Defendant next contends the trial court abused its discretion in denying his motion for a mistrial made after defendant's wife had an emotional outburst while testifying as a prosecution witness. Again, we disagree.

During cross-examination of defendant's wife, who was also victim's mother, defense counsel questioned the witness about the events immediately before the killing. When defense counsel asked her about the actual killing, she began crying, thrashing about in the witness stand, shaking herself back and forth, screeching, screaming, and stamping her feet. Almost immediately, the court asked for assistance to help the witness out of the courtroom. The witness was removed from the courtroom approximately 30 seconds after her outburst began and, after she was removed, the court called a recess.

Defendant moved for mistrial based on the witness' display. The court denied the motion, finding that, although the display was emotional, it was not "necessarily out of place" or provoked by anything except the circumstances surrounding the death of her son. We perceive no error in this ruling.

Although we have found no appellate decisions addressing when outbursts by a family member-witness *while testifying* adversely impact a defendant's constitutional right to a fair trial, there are analogous decisions involving audience demonstrations that are instructive.

Thus, in *People v. McGuire,* 751 P.2d 1011, 1013 (Colo.App.1987), a division of this court ruled that a mistrial was not required after the complaining witness audibly stated, "You're a liar" during defense counsel's closing argument. The court stated:

The right to a fair trial includes the right to a trial free from audience demonstrations which may contaminate or prejudicially affect the jury.... However, a mistrial need be granted only in extraordinary circumstances to prevent any injustice. The decision to grant a mistrial should be left to the discretion of the trial court, which is best able to judge the effect of the claimed impropriety upon the jury.

*See People v. Thatcher,* 638 P.2d 760 (Colo. 1981) (no abuse of discretion in failing to grant a mistrial after victim's husband made emotional displays during closing arguments); *Hafer v. People,* 177 Colo. 52, 492 P.2d 847 (1972) (no abuse of discretion in failing to grant mistrial because of audience applause); *People v. Montgomery,* 743 P.2d 439 (Colo.App.1987) (no abuse of discretion in trial court's failure *sua sponte* to grant motion for mistrial after victim began to cry during defense counsel's closing argument).

Further, other jurisdictions have approved the denial of a mistrial when witnesses have become distraught. *See Venable v. State,* 260 Ark. 201, 538 S.W.2d 286 (1976) (no abuse of discretion in denying mistrial where victim's stepmother broke down on the witness stand and asked why anyone would want to kill the victim; jury admonished); *Duncan v. State,* 256 Ga. 391, 349 S.E.2d 699 (1986) (no abuse of discretion in denying mistrial following outburst by victim's mother while she was on the stand; jury instructed to ignore the outburst); *Commonwealth v. Andrews,* 403 Mass. 441, 530 N.E.2d 1222 (1988) (no abuse of discretion in denying mistrial in murder case based upon spontaneous outburst by victim's mother while identifying photograph of victim; jury immediately instructed to disregard the emotional display).

Here, the trial court did not abuse its discretion in denying defendant's motion for mistrial. Defendant has pointed to no specific prejudice resulting from the witness' display, and our examination of the record discloses none. Given the witness' status both as the defendant's wife and the victim's mother, we cannot speculate as to how her brief emotional outburst may have affected

the jury. We will not second guess the trial court concerning the prejudice, if any, that occurred from the event.

 In reaching this conclusion, we reject defendant's related argument that the trial court erred in failing to give a limiting instruction immediately after the witness' outburst advising the jury to ignore the outburst. Upon request, such a curative instruction should be given. *See Venable v. State, supra.* Here, however, because defendant did not request such an instruction, the trial court did not commit plain error in failing to give one *sua sponte. See People v. Pennese, supra.*

## VI.

Finally, defendant argues that the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to show he acted intentionally and with deliberation. We disagree.

When a trial court is confronted with a motion for judgment of acquittal, the issue is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charges beyond a reasonable doubt. *People v. Williams,* 827 P.2d 612 (Colo.App.1992).

At trial, victim's stepsister testified that defendant encouraged victim and his step-brother to fight, adding that defendant had said it was time for victim to "get his ass kicked." A friend testified that, when he tried to break up the fight, defendant pushed him away and told him to let the men fight. The friend also testified that defendant kept his hand in his pocket at all times during the fight and, after victim hit defendant in the mouth, defendant waited several minutes before walking up to victim and stabbing him.

In addition, victim's stepsister testified that, after victim died, defendant said, "He shouldn't have hit me in the mouth." Further, the pathologist testified that, although the knife blade used by defendant was only 2 1/2 inches long, the depth of the stab wound was 3 1/2 inches into the victim's chest, re-

quiring the use of substantial force by defendant. And, an officer witness testified that, when defendant was arrested, he had three knives in his pants pocket.

Viewing the evidence in the light most favorable to the prosecution, we conclude there was sufficient evidence to support a conclusion that defendant acted intentionally and with deliberation so as to withstand defendant's motion for judgment of acquittal. *See People v. Williams, supra.*

The judgment is affirmed.

TAUBMAN and CASEBOLT, JJ., concur.