The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Robert Scott HART,
Defendant-Appellee.

No. 85SA410.

Supreme Court of Colorado,
En Banc.

May 19, 1986.

Milton K. Blakey, Dist. Atty., Glenn Crow, Deputy Dist. Atty., Glenwood Springs, for plaintiff-appellant.

David F. Vela, Colo. State Public Defender, Sam Shaw, Deputy State Public Defender, Glenwood Springs, for defendant-appellee.

VOLLACK, Justice.

The People appeal the trial court's suppression of evidence obtained from an automobile pursuant to a search warrant. We reverse and remand to the trial court for further proceedings.

## I.

On March 31, 1985, the defendant's automobile collided with a truck, at approximately 2:50 A.M. The defendant's automobile did not stop. The driver of the truck gave his name to Colorado State Patrol Trooper Ron Madsen and informed him of the accident. Paint from the defendant's automobile was transferred onto the damaged area of the truck. Another identified motorist, who had witnessed the accident, gave the license number and description of the damage to Trooper Madsen. The defendant's automobile was licensed in the State of Nevada.

At 3:35 A.M., Trooper Madsen found the defendant's automobile. The damage to the automobile and the license number on the automobile were as the witness had earlier related. Damage to one of the tires showed that the vehicle had been driven after the accident. Because the automobile was parked on Colorado Highway 6, locked, and no driver was present, Trooper Madsen impounded the car to eliminate the traffic hazard it created.

A computer check showed the automobile registered to the defendant, R. Scott Hart, of Las Vegas, Nevada. At 4:30 A.M., the clerk of the Best Western Motel in Eagle, Colorado, reported that the driver of the automobile had checked into the motel under the name Randy Lopez. At 10:30 A.M., a person giving the name Scott Hart went to the Glenwood Springs office of the Colorado State Patrol to retrieve his automobile. The state patrol office advised Hart to bring the driver of the automobile and return to the office to meet Trooper Madsen at 4:00 P.M. that day. Hart did not return.

By April 2, 1985, Hart still had not returned to the state patrol office. Because Trooper Madsen observed numerous personal items in the automobile, which he believed would indicate the identity of the driver, he prepared an affidavit to search for evidence of identification. On April 3, 1985, a warrant was issued authorizing a search. The warrant authorized the search for any evidence which might lead to the identity of the driver. Trooper Madsen and others immediately executed the warrant and inventoried the contents of the impounded vehicle, including the trunk and glove box. They found numerous items indicating the identity of Scott Hart, but none which indicated the identity of Randy Lopez. Two plastic bags containing marijuana were also discovered.

The defendant moved to suppress all evidence obtained from the search of the automobile. The trial court granted the motion, concluding there was not a sufficient factual basis in the affidavit to conclude that anything that might have been in the automobile on the date of the search was evidence of who was the driver at the time of the traffic offenses. The court also ruled that the warrant failed to adequately identify the property to be seized, and therefore authorized a general search. We reverse and remand for further proceedings.

## II.

The initial basis of the court's ruling suppressing evidence seized from Hart's automobile was that the affidavit failed to allege probable cause for the search. In the court's view, the affidavit failed to disclose that evidence in the automobile would be conclusive of who was driving and that the evidence would not be "direct" evidence. We conclude that the court applied an unduly restrictive standard of probable cause in its suppression ruling.

Probable cause is measured by "reasonableness," not by pure mathematical probability:

Hostility to seizures based on mere suspicion was a prime motivation for the adoption of the Fourth Amendment, and decisions immediately after its adoption affirmed that "common rumor or report, suspicion or even 'strong reason to suspect' was not adequate to support a warrant for arrest." ... The familiar threshold standard of probable cause for Fourth Amendment seizures reflects the benefit of extensive experience, accomodating the factors relevant to the "reasonableness" requirement of the Fourth Amendment, and provides the relative simplicity and clarity necessary to the implementation of a workable rule.

*People v. Hearty,* 644 P.2d 302, 309 (Colo. 1982), citing *Dunaway v. New York,* 442 U.S. 200, 213, 99 S.Ct. 2248, 2257, 60 L.Ed.2d 824 (1979).

■ In a search pursuant to warrant, the constitutional standard of probable cause requires that the affidavit allege sufficient facts to warrant a person of reasonable caution to believe that contraband or evidence of criminal activity is located on the premises to be searched. *People v. Hearty,* 644 P.2d 302. The affidavit must be interpreted "in a common sense and realistic fashion" and courts should not impose "technical requirements of elaborate specificity." *Id.* at 310, citing *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965).

■ Here, the affidavit contained sufficient information from named sources to connect the defendant's automobile to · a crime. There were also reasonable grounds to believe the automobile contained evidence leading to the identity of the driver. Trooper Madsen stated in his affidavit that there were "numerous personal items, i.e., clothing, television, toaster, suitcases, and other items," which gave him cause to believe that the identity of the driver could be found within the car.

The state trooper found the automobile shortly after the accident. It was 3:35 A.M. on that day, and therefore the opportunity to remove the contents was diminished, and the interior remained untouched until the search. Moreover, the affidavit alleged that the driver used a name other than Scott Hart when he registered in a motel later that same morning.

We conclude that the affidavit, when measured by the standard of reasonableness and read in a common sense manner, establishes probable cause to search Hart's automobile. Personal items ordinarily indicate identity. The affidavit was not devoid of probable cause to believe that evidence of criminal activity was contained within the automobile simply because the evidence in the automobile would not be conclusive of who was driving at the time of the accident, as Hart contends.

### III.

The district court also based its suppression ruling upon the scope of the search, which it ruled to be general, authorizing an exploratory search. We disagree.

The Fourth Amendment to the United States Constitution requires that a search warrant particularly describe the objects to be seized. Article II, Section 7, of the Colorado Constitution provides that no search warrant shall issue without describing the things to be seized, "as near as may be." The particularity requirement prevents a general search, curtails the issuance of search warrants on loose and vaguely stated bases in fact, and prevents the seizure of one thing under a warrant describing another. *People v. Hearty,* 644 P.2d at 312.

While we are cognizant that a warrant authorizing a search for a person's identity poses significant risks to privacy, it is well settled that the degree of specificity required in a search warrant will vary with the level of information available to the police and the type of items to be seized. *People v. Hearty,* 644 P.2d at 302; *People v. Noble,* 635 P.2d 203 (Colo.1981); *People v. Del Alamo,* 624 P.2d 1304 (Colo.1981); *People v. Lindholm,* 197 Colo. 270, 591 P.2d 1032 (1979).

Here, the search warrant permitted Trooper Madsen to search for "any or all evidence which may lead to the true identity of the driver of said vehicle." A generic description is not per se impermissibly vague. Despite the generic description of the property to be searched, the factual circumstances of the case established a practical necessity for a broad search. *People v. Lindholm*, 197 Colo. 270, 591 P.2d 1032 (1979). The crime investigated, leaving the scene of an accident, is a traffic offense which by its very nature places identity into issue. Moreover, because the driver of the vehicle gave a name other than Scott Hart when registering at the motel, and because Scott Hart never returned to the Colorado State Patrol office with the driver of the automobile, evidence of who was in the car derived from the personal effects contained therein was a practical necessity.

Identity of the driver within an automobile would not likely result from a description of one particular item of evidence. It is apparent that personal items associated with particular individuals and found in areas throughout the vehicle would lead to evidence of who was in possession and control of the vehicle. Inherent in the investigation of fitting together seemingly innocuous pieces of evidence to create a larger picture, we find that the search warrant was sufficiently specific to preclude the indiscriminate exercise of discretion by the officials conducting the search. The language of the warrant, for example, prevented the officers from cutting into seat upholstery or removing door panels. That limit is obvious from the language contained within the warrant because evidence of identity would not likely be found within those automobile structures.

Accordingly, we hold that there was probable cause to believe that evidence of a crime was contained within the car and that the search warrant was not general. We reverse the trial court and remand for further proceedings.