The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Thomas L. SUNDERMEYER, Defendant–Appellee.

No. 88SA222.

Supreme Court of Colorado, En Banc.

Feb. 27, 1989.

Donald E. Mielke, Dist. Atty., Donna Skinner Reed, Sr. Deputy Dist. Atty., Golden, for plaintiff-appellant.

Stayton & Brennan, Rowe P. Stayton, Denver, for defendant-appellee.

ERICKSON, Justice.

This is an interlocutory appeal pursuant to C.A.R. 4.1. The district court suppressed evidence obtained pursuant to a search warrant because facts were omitted from the affidavit which supported the issuance of a search warrant that might have made a difference to the judge who issued the warrant. Because of the omission of the facts, the search warrant was deemed to be invalid and the evidence seized pursuant to the warrant was suppressed. We disagree and therefore reverse the suppression order and remand with directions.

On September 29, 1987, Dawn Robinson, a reserve police officer, told Officer Roy Strong, who was then a member of the Central City Police Department, that she had been at a party at Sundermeyer's house and had observed marijuana plants growing in the greenhouse area. She told Officer Strong that she did not want her name to be mentioned because she knew Sundermeyer. The next day, Officer Strong and Officer Elmo Gatlin, the Central City Marshal, went to the Sundermeyer house while on patrol, looked through the translucent greenhouse window, and saw plants growing inside. Officer Strong thought the plants were marijuana plants, but he could not be sure. Gatlin identified the plants as marijuana plants and said that the leaves were touching the glass which made them visible and distinct. Strong drafted the search warrant affidavit for Gatlin's signature but did not include the fact that he initially learned of the marijuana plants in the greenhouse from Robinson. The affidavit of Gatlin stated:

On October 1, 1987, your affiant, while patrolling the 400 block of Spring Street, did see what he believed to be marijuana plants growing, clearly visible inside the residence and visible through the slightly translucent windows, visible from Spring Street.

Your affiant then went to the Central City Police Department to prepare this affidavit.

Your affiant believes that the potted plants are marijuana for the following reasons:

1. Your affiant was shown actual marijuana leaves by deputy Meeds at the Gilpin County Sheriff's Office.

2. Your affiant saw photographs of marijuana plants taken from a previous case of the Gilpin County Sheriff's Department after viewing the potted plants in the residence located at 425 Spring Street. The potted plants at the residence were identical in color and shape to those in the photographs.

Based on the foregoing, your affiant requests a search warrant to search the residence and surrounding curtilage located 425 Spring Street, block 56, lots 5, 6, and 7, Central City, Gilpin County, State of Colorado and described as:

a single family, two-story structure, the lower half of which is mostly brick, the upper half of which is of wood, tan in color with rust colored trim, with a deck on the south and west sides and a greenhouse under the deck on the south side.

The county judge issued a search warrant and marijuana plants were seized from the greenhouse at the Sundermeyer residence. Sundermeyer was then charged with cultivation of marijuana in violation of section 18–18–106, 8B C.R.S. (1986). A motion to suppress was filed by defense counsel and after an evidentiary hearing the motion was granted on the ground that the information should have been included in the affidavit. The prosecution took the position that the facts provided by Officer Robinson further inculpated the defendant and that the affidavit was sufficient on its

face without the inclusion of the additional facts to support the issuance of a search warrant and the seizure of the marijuana plants.

 The test for determining whether an omission in an affidavit invalidates a search warrant is whether the omitted facts rendered the affidavit substantially misleading to the judge who issued the warrant. *People v. Winden*, 689 P.2d 578, 583 (Colo.1984). In our view, the finding of probable cause in this case cannot be deemed erroneous because of the omission of material facts.

In *People v. Kurland*, 28 Cal.3d 376, 618 P.2d 213, 168 Cal.Rptr. 667 (1980), *cert. denied*, 451 U.S. 987, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981), which we cited in *Winden*, the court said: "[A]n affiant's duty of disclosure extends only to 'material' or 'relevant' adverse facts." 618 P.2d at 218, 168 Cal.Rptr. 667 (footnote omitted). In this case, the facts were not adverse and, although relevant, merely buttressed the facts which supported the issuance of the warrant. The defense theory was that Officers Gatlin and Strong falsely stated that they could see plants growing in the greenhouse when in fact they were relying on the observations of Officer Robinson. In *United States v. Ellison*, 793 F.2d 942 (8th Cir.), *cert. denied*, 479 U.S. 937, 107 S.Ct. 415, 93 L.Ed.2d 366 (1986), the court said that the omission of facts rises to the level of misrepresentation only if the omitted facts cast doubt on the existence of probable cause. In this case, the trial judge

found from the evidence that the plants were clearly visible inside the residence, and ... that Officer Gatlin did believe that the plants were marijuana plants. The issue ... is whether the judge who issued the search warrant was misled by—not by any falsity in the affidavit, but by the omission from the affidavit. The omission from the affidavit was the facts as to how it happened that the officer was peeking in that particular window.

Accordingly, the trial judge declared the omission to be material and grounds for suppressing the evidence seized in the execution of the warrant. No question is raised as to the truth or the sufficiency of the facts set forth in the affidavit to establish probable cause. The sole reason for suppression of the evidence was because the affidavit did not state that Officer Robinson had seen the marijuana plants growing in the greenhouse while she was a visitor at the Sundermeyer home. The omission did not make the affidavit misleading.

Accordingly, we reverse the order suppressing the evidence and remand to the trial court for further proceedings consistent with this opinion.