The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Ronald Richard ARELLANO and
Christina Anita Herrera,
Defendants–Appellees.

No. 89SA429.

Supreme Court of Colorado,
En Banc.

June 18, 1990.

G.F. Sandstrom, Dist. Atty., and Richard W. Dickerson, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

Doyle T. Johns, Jr., Pueblo, for defendants-appellees.

Chief Justice QUINN delivered the Opinion of the Court.

The People in this interlocutory appeal challenge the district court's suppression of marijuana, drug paraphernalia, and other items of evidence seized by police officers during a search pursuant to a warrant. In suppressing the evidence, the district court ruled that the affidavit supporting the search warrant failed to establish probable cause for the issuance of the warrant. We reverse the suppression ruling.

I.

The defendants, Ronald Arellano and Christina Herrera, are charged in the District Court of Pueblo County with the crimes of possession of more than one ounce but less than eight ounces of marijuana, § 18–18–106(4)(a)(I), 8B C.R.S. (1986), possession of marijuana with intent to distribute, § 18–18–106(8)(b)(I), 8B C.R.S. (1986), and possession of drug paraphernalia, § 12–22–504, 5 C.R.S. (1985 & 1989 Supp.), all of which are alleged to have been committed on January 27, 1989. The charges are based on evidence seized during the execution of a search warrant for a single family dwelling located at 1220 Nielsen Avenue in Pueblo, Colorado.

On January 27, 1989, Detective James Ruggieri of the Pueblo Police Department filed an affidavit in support of the search

warrant. The affidavit stated in pertinent part as follows:

Within twenty-four hours prior to this application of affidavit for search warrant, the Affiant was contacted by a Confidential Reliable Informant. The Informant stated to the Affiant that within the twenty-four hour period as mentioned, the Informant was on the premises of a house located in the Dog Patch area of Pueblo, Colorado, where the Informant observed approx[imately] one-half pound of marijuana in the living-room of that premises. The Informant related that a [S]panish male resides at that premises and that [this person] showed the Informant the approx[imately] one-half pound of marijuana which [he] said was marijuana and for sale.

Within the above mentioned twenty-four hour period, the Affiant drove the Informant to the area of Dog Patch, Pueblo, Colorado and was directed by the Informant to the premises of 1220 Neilson [A]ve. ... The Informant told the Affiant that 1220 Neilson [A]ve. ... was the premises that the Informant had been inside of and observed the approx[imately] one-half pound of marijuana as mentioned in the previous paragraph. As the Affiant drove the Informant past the premises of 1220 Neilson [A]ve. ..., when leaving the area, the Affiant and Informant observed a [S]panish male walking away from a car in front of that premises. [This person] then walked into the front yard of the premises and towards the front door. The Informant told the Affiant that the [person] observed by the Informant inside of 1220 Neilson [A]ve. ..., as mentioned in the first paragraph and the [S]panish male walking up to the premises, is the same person.

Detective Ruggieri's affidavit concluded by stating that in January 1989 the informant furnished information which the detective used in obtaining a search warrant and that the execution of the warrant resulted in the seizure of over one pound of marijuana and a quantity of cocaine.

On the basis of Detective Ruggieri's affidavit, a county judge issued the search warrant on January 27, 1989, for the dwelling located at 1220 Neilson Avenue, Pueblo, Colorado, and the warrant was executed the same day. The search resulted in the seizure of numerous plastic bags of marijuana and marijuana debris, small gram scales and other drug paraphernalia, and several documents indicating that both defendants resided in the dwelling.

After the charges were filed, the defendants filed a motion to suppress the evidence seized during the search on the basis that the affidavit failed to establish probable cause for the issuance of the warrant. The district court granted the motion to suppress, ruling as follows:

Here, Pueblo Police Officer James C. Ruggieri, did no independent investigative work in support of the veracity and reliability of the unidentified confidential informant, and to determine a basis of knowledge for the information provided, because he obtained no specific facts or particular details whatsoever from the unidentified confidential informant which could have been corroborated.

The Affidavit for Search Warrant in this case failed to establish probable cause to search the dwelling at 1220 Neilson Avenue, Pueblo, Colorado as required by *Gates* [*Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)] and *Pannebaker*, [*People v. Pannebaker*, 714 P.2d 904 (Colo.1986)], and therefore, Defendants' Motion to Suppress evidence seized from that dwelling should be granted.

The People thereafter filed this interlocutory appeal pursuant to C.A.R. 4.1.

## II.

■ Probable cause for a search warrant exists when the affidavit in support of the warrant alleges sufficient facts to warrant a person of reasonable caution to believe that contraband or other evidence of criminal activity is located at the place to be searched. *E.g., United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *People v. Hart*, 718 P.2d 538 (Colo.1986); *People v. Hearty*, 644 P.2d 302 (Colo.1982). In determining

whether the constitutional standard of probable cause has been satisfied, the affidavit must be interpreted in "a common sense and realistic fashion." *Ventresca,* 380 U.S. at 108, 85 S.Ct. at 745. An affidavit based upon information provided by an anonymous informer no longer must adhere to the two-pronged test developed by the United States Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Under that test a court was required to analyze the contents of the affidavit for the purpose of answering two discrete questions: first, whether the affidavit contained sufficient facts from which the judge could determine independently whether the informant had an adequate basis in knowledge for the allegation that evidence of criminal activity will be found at the place to be searched; and second, whether the affidavit contained sufficient information to enable the judge to determine whether the informant is credible or his information is reliable. *Spinelli,* 393 U.S. at 412–13, 89 S.Ct. at 586–87; *Aguilar,* 378 U.S. at 114–15, 84 S.Ct. at 1513–14; *People v. Quintana,* 785 P.2d 934, 937 (1990); *People v. Dailey,* 639 P.2d 1068, 1072 (Colo.1982).

■ In *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court abandoned the *Aguilar–Spinelli* test and adopted in its place the totality-of-the-circumstances test. The *Gates* test requires an issuing judge "to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before [the judge], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. at 238, 103 S.Ct. at 2332. Under *Gates,* the failure of an affidavit to establish directly and independently each prong of the *Aguilar–Spinelli* test will not be categorically fatal to a probable cause determination; rather, the informant's basis of knowledge, the informant's credibility, and the reliability of the informant's information remain

relevant but not indispensable factors for consideration in determining whether probable cause has been established. 462 U.S. at 230, 103 S.Ct. at 2328. A deficiency, for example, in the affidavit's allegations pertaining to the informant's basis of knowledge may be compensated for by a showing of sufficient detail to allow an issuing judge to reasonably conclude that the informant had reliable information about the illegal activities reported to the police. *Id.* at 245, 103 S.Ct. at 2335; *Quintana,* 785 P.2d at 938. In similar fashion, a deficiency in information pertaining to the informant's veracity or the reliability of the information reported to the police may be compensated for by police corroboration of various details of the tip such that an issuing judge can reasonably conclude that the informant indeed had access to reliable information about the criminal activities reported to the police. *Gates,* 462 U.S. at 241–46, 103 S.Ct. at 2333–36; *Quintana,* 785 P.2d at 938.

The duty of a reviewing court under *Gates* is simply to ensure that the issuing judge had a substantial basis for concluding that there was probable cause to believe that contraband or other incriminating evidence will be found at the premises to be searched. 462 U.S. at 238–39, 103 S.Ct. at 2332–33. We adopted and reaffirmed the *Gates'* totality-of-the-circumstances test in several cases involving search and seizure claims under the Colorado Constitution. *People v. Pannebaker,* 714 P.2d 904 (Colo.1986); *accord, Quintana,* 785 P.2d 934; *People v. Varrieur,* 771 P.2d 895 (Colo.1989).

### III.

■ The district court suppressed the evidence on the basis that the affidavit failed to allege "independent police investigative work" corroborative of the informant's basis of knowledge and, in addition, failed to establish independent corroboration of the veracity of the informant or the reliability of the information reported to Detective Ruggieri. In effect, the district court declined to view these factors merely as relevant matters to consider under the totality-

of-the-circumstances test adopted in *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33, but, instead, accorded them independent status indispensable to a showing of probable cause. The district court erred in its analysis of the affidavit.

Far from being deficient in establishing the informant's basis of knowledge, the affidavit contained a direct statement establishing the informant's source of knowledge for reporting that criminal activities were taking place at the dwelling located at 1220 Neilson Avenue in Pueblo, Colorado. The affidavit alleged that within the preceding day the informant was at the premises and observed approximately one-half pound of marijuana in the living room and that the male residing at the premises "showed the informant the approx[imately] one-half pound of marijuana" and stated that the marijuana was for sale. In addition, the affidavit specifically stated that the affiant, Detective Ruggieri, drove the informant to the area described by the informant and the informant identified the house where he had observed the marijuana and further identified the male person with whom he had spoken about the marijuana on the previous day. This independent corroboration of the location of the premises and the identity of the occupant, while not directly corroborative of the criminal activities described by the informant, nonetheless provided the issuing judge with additional cause for crediting the informant's report concerning the illegal drug activity observed by the informant inside the dwelling on the preceding day.

The affidavit also made clear that Detective Ruggieri was not dealing with a first-time informant. On the contrary, the affidavit contained a description of the informant's recent report to Detective Ruggieri of illegal drug activity at another dwelling and the successful seizure of illegal drugs based on that report. This allegation detailing the informant's prior tip provided further support for both the veracity of the informant as well as the reliability of the information pertaining to the dwelling for which the warrant was issued in this case.

We thus conclude that the affidavit, when analyzed under the totality-of-the-circumstances test of *Gates* and when read in a common sense and realistic fashion, established probable cause for the issuance of a search warrant. The suppression ruling is accordingly reversed, and the case is returned to the district court for further proceedings.