The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kenneth Eugene WILSON, Defendant–Appellant.

No. 89CA0602.

Colorado Court of Appeals, Div. III.

March 14, 1991.

Rehearing Denied April 11, 1991.

Certiorari Denied Oct. 28, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Katherine Campbell, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Kenneth Eugene Wilson, appeals from two judgments of conviction finding him guilty of cultivation of marijuana. Defendant also appeals his sentences. We affirm the judgments of conviction, but remand the cause to the trial court for resentencing.

The primary issues on appeal relate to defendant's contention that the trial court's denial of pre-trial motions to suppress the seized evidence was erroneous. Defendant contends that the affidavits supporting the three search warrants are fatally flawed, rendering the search warrants unlawful. We disagree.

■ Our duty upon review is to determine whether the district court had a substantial basis for concluding that probable cause to support the search warrant existed. *People v. Abeyta*, 795 P.2d 1324 (Colo. 1990).

■ In this context, probable cause requires that the totality of the circumstances as set forth in the affidavit warrants a conclusion that there is a fair probability that contraband is located on the premises to be searched. Thus, because probable cause is based on probability and not certainty, the sufficiency of the affidavit should be determined by considering the facts contained in the affidavit in a common-sense, realistic manner. *People v. Abeyta, supra.*

■ Policy considerations also dictate that because searches by warrant should be encouraged, cases which raise doubts concerning probable cause should be resolved in favor of the warrant. *People v. Hill*, 690 P.2d 856 (Colo.1984). Likewise, deference must be given to the issuing magistrate's determination of probable cause. *People v. Quintana*, 785 P.2d 934 (Colo.1990).

## I.

After the suppression hearing, the trial court concluded that the search warrant for the electrical records was valid because: (1) defendant had no standing to contest the lawfulness of the warrant; (2) the minimal intrusion of defendant's privacy resulted in the affiant having only to establish "mere reasonable suspicion" of criminal activity; and (3) alternatively, the affidavit established probable cause sufficient to support issuance of the search warrant. Defendant now posits that all three grounds are erroneous.

However, because a fair reading of the affidavit establishes probable cause sufficient to support the search warrant, we need not address defendant's first two contentions of error.

## A.

■ The affidavit includes information concerning a previous search of defendant's residence which resulted in his arrest and the seizure of marijuana. However, the results of the search were ultimately suppressed and the charges against defendant were dismissed. This fact was not included in the affidavit nor was it brought to the issuing magistrate's attention.

Accordingly, the information concerning the prior seizure of marijuana from defendant's house was unlawfully obtained and, contrary to the contention of the People, must be stricken from the affidavit. *United States v. Karo*, 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984). However, if review of the remaining assertions in the affidavit establish probable cause to support the search warrant, it must be sustained. *See People v. McFall*, 672 P.2d 534 (Colo.1983). *People v. Dailey*, 639 P.2d 1068 (Colo.1982).

When viewing the affidavit in light of the deleted statement, our measured deference to the court's probable cause determination, coupled with the factual record and the court's application of the proper legal standard, lead us to conclude that probable

cause was established to support the search warrant.

### B.

In addition, defendant argues that the affiant omitted other indicators of indoor marijuana cultivation, rendering the affidavit misleading. We disagree with both contentions. *See People v. Arellano*, 791 P.2d 1135 (Colo.1990).

An affiant is required to disclose adverse, material facts. *People v. Winden*, 689 P.2d 578 (Colo.1984). The omission of such facts from an affidavit will invalidate a search warrant if the affidavit is thereby rendered substantially misleading. *People v. Sundermeyer*, 769 P.2d 499 (Colo.1989).

However, the affidavit here states that the windows of defendant's office were covered with plastic and condensation on that plastic. It further stated that, based upon the affiant's training and experience, two key indicators of indoor marijuana cultivation are a high degree of humidity, evidenced by condensation on windows, and an unusually high rate of electrical consumption. Here, although the affidavit did not state that *only* two indicators of indoor marijuana cultivation exist, the failure of the affiant to list every absent indicator of indoor marijuana cultivation is not a material omission which, upon a common-sense reading, renders the affidavit substantially misleading. *See People v. Winden, supra.*

### C.

Defendant also contends that the officer seeking the warrant included false statements which so misled the court that the affidavit must fail. We disagree.

If a law enforcement officer includes a false statement in an affidavit intentionally or with reckless disregard for the truth, the statement must be stricken and the remaining allegations must be reviewed to determine whether probable cause exists. *People v. Young*, 785 P.2d 1306 (Colo.1990).

Although the statements differ to some degree from the verbatim statements of the informant, there is no evidence that the affiant made false statements intentionally or with reckless disregard of the truth. Therefore, the trial court did not err when it failed to strike the challenged statements.

Accordingly, we affirm the court's resolution of the suppression hearing. *See People v. Trujillo*, 784 P.2d 788 (Colo. 1990); *People v. Quezada*, 731 P.2d 730 (Colo.1987).

### II.

Defendant's next contention of error also relates to the alleged insufficiency of the affidavit upon which the second search warrant of defendant's Durango office was predicated. He contends that the affidavit fails to establish probable cause and that, therefore, the trial court erred when it denied the motion to suppress. We disagree.

### A.

The second affidavit refers to "the time past when [defendant] was growing marijuana in the basement." Because this information was gained as a result of an illegal search, it, too, must be excised from the affidavit. *People v. McFall, supra; People v. Turner*, 660 P.2d 1284 (Colo. 1983).

### B.

Defendant additionally contends that this affidavit is fatally misleading because the affiant failed to disclose several material facts. We conclude that the omissions do not render the affidavit substantially misleading.

Although information not included may be adverse and relevant, its omission does not rise to the level of misrepresentation if it does not cast doubt on the existence of probable cause. *People v. Winden, supra.*

The trial court concluded that the omissions:

"did not render the affidavit misleading because the affiant observed indicia of marijuana cultivation, such as, covered condensation-laden windows, a musty odor emanating from defendant's office, and an elevated electric consumption."

Hence, because the sufficiency of probable cause was determined by excising the comparative study of electrical usage and relying upon independent indicia of indoor marijuana cultivation, the omission did not substantially mislead the trial court's probable cause determination. *See People v. Sundermeyer, supra.*

### C.

■ When the excised affidavit is viewed in the totality of the circumstances, the following factors establish sufficient probable cause to justify the search warrant: (1) defendant's electrical consumption was remarkable in that it steadily increased; (2) the affiant's informer regarded defendant's activities as suspicious, given his "coming and going" from an office which was not used as a commercial office or residence and which omitted an odor and high degree of condensation; (3) there existed a high degree of condensation on covered windows in a type of office that would not normally be associated with such high levels of moisture; and (4) the police officer's training and experience led him to believe that increased electrical consumption, along with the other indicators, implied indoor marijuana cultivation.

When these factors are considered in light of policy considerations and the permissibly high degree of deference which the trial court accorded to the officer-affiant's training and experience, *People v. Ball,* 639 P.2d 1078 (Colo.1982), they are sufficient to support a finding of probable cause.

### D.

■ Based on the foregoing determination, defendant's contention that the "fruit of the poisonous tree" doctrine applies to invalidate the search warrant is without merit. *See Wong Sun v. U.S.,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

### III.

Defendant next contends that the trial court committed reversible error by denying defendant's post-trial motion to join the La Plata County criminal action with the San Juan County action. We disagree.

■ The right to compulsory joinder, as codified in § 18-1-408(2), C.R.S. (1986 Repl. Vol. 8B) and Crim.P. 8(a), may be waived by raising the issue *after* jeopardy attaches in the second prosecution. *People v. Bossert,* 722 P.2d 998 (Colo.1986).

■ Here, the record establishes that both cases were tried at the same time before the La Plata County district court at the defendant's urging and with his knowledge, consent, and understanding. And, the transcript of the pre-trial proceedings discloses that defendant acknowledged the court's discretion to impose consecutive or concurrent sentences in the event he was found guilty as charged in both cases.

Under these circumstances, the trial court properly held that defendant had waived his right of joinder.

### IV.

We disagree with defendant's contention that the trial court abused its discretion by sentencing defendant to consecutive prison terms.

■ We will not modify a district court's sentencing decision absent a clear abuse of discretion. *People v. Broga,* 750 P.2d 59 (Colo.1988).

■ Subject to certain express limitations not here present, imposition of consecutive sentences for separate offenses is within the discretion of the trial court. *People v. Montgomery,* 669 P.2d 1387 (Colo.1983). *People v. Wieghard,* 743 P.2d 977 (Colo.App.1987).

■ Here, a number of factors, including defendant's prior felony conviction, his failure to rehabilitate himself subsequently, the size and sophistication of his marijuana farms, the potency of the crop which he cultivated and sold, and the harm imparted to society as a result of his criminal activities, persuaded the trial court that defendant constitutes a significant criminal

risk and that, therefore, imposition of consecutive sentences for his crimes was warranted.

In light of these circumstances, we perceive no abuse of discretion in the imposition of consecutive sentences. *See People v. Vigil*, 718 P.2d 496 (Colo.1986); *People v. Hotopp*, 632 P.2d 600 (Colo.1981).

### V.

▪ Defendant contends, and the prosecution concedes, that the trial court applied the incorrect presumptive sentencing range of 2 to 8 years for each of the offenses for which defendant was found guilty. Consequently, his sentence should be remanded for resentencing in the proper presumptive range of 2 to 4 years for the two class 4 felonies. *See* Colo.Sess.Laws 1988, ch. 124, § 18–1–105(1)(b)(V) at 711.

The judgments are affirmed, and the cause is remanded to the trial court for resentencing within the proper presumptive range.

REED and MARQUEZ, JJ., concur.