The PEOPLE of the State of Colorado,
Plaintiff–Appellee and Cross–
Appellant,

v.

Damian J. ALTMAN, Defendant–
Appellant and Cross–
Appellee.

No. 95CA0986.

Colorado Court of Appeals,
Div. II.

Oct. 10, 1996.

Rehearing Denied Nov. 14, 1996.

Certiorari Granted July 21, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee and Cross–Appellant.

The Tegtmeier Law Firm, P.C., Richard Tegtmeier, Bradley S. Taylor, Colorado Springs, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge NEY.

Defendant, Damian Altman, appeals from the judgments of conviction entered after he was found guilty in a bench trial of cultivation of marijuana and possession of a Schedule I controlled substance (psilocybin). The single issue raised in this appeal is the propriety of the trial court's order denying defendant's motion to suppress evidence obtained during the search of his residence. Although we agree with the trial court's determination that the warrant was not supported by probable cause, we reverse the court's ruling that the evidence was admissible under the good-faith exception to the exclusionary rule. We thus reverse the judgments of conviction and remand the cause with directions.

The affidavit in support of the search warrant stated that a federal Drug Enforcement Administration (DEA) official notified local police that defendant and a companion had purchased hydroponic equipment suitable for growing marijuana and had taken the equipment in a rental car to defendant's home. The officer who signed the affidavit obtained the utility bills for defendant's residence and learned that defendant's electrical usage exceeded by two and three times that of neighboring houses. The records regarding defendant's electrical consumption also indicated that the usage during the period defendant resided in the house exceed by two and three times that of the previous account holder at that address. Based on his experience as a police officer, the affiant stated that "electrical lights and related equipment are often utilized in the indoor cultivation of marijuana and can account for an above average consumption of electrical power." The affidavit stated that the local sales tax office did not have any records indicating that defendant operated a legitimate business out of his home that might account for his excessive electrical consumption.

With respect to defendant's criminal record, the affidavit stated that local police records indicated that the police had "prior contact with [defendant] on several occasions and that there was currently a warrant for [defendant's] arrest on misdemeanor charges." The affidavit did not specify what the misdemeanor charges were and did not allege that defendant had a prior criminal history involving illegal drugs. Nor did the affidavit state that the officer had any reason to suspect defendant of possessing or cultivating marijuana other than the facts that he had purchased hydroponic growing equipment, that he had taken the equipment to his home in a rental car, and that he was consuming an abnormally high amount of electricity at his home.

The affiant concluded, based on his training and experience as a police officer, that the information in the affidavit established "probable cause to believe that the cultivation of marijuana is in progress" at defendant's residence. Based on the information contained in the affidavit, the judge issued a search warrant for defendant's residence.

Upon execution of the search warrant, the officer found large quantities of live marijuana plants, psilocybin mushrooms, marijuana, various items used for the cultivation of marijuana, and drug paraphernalia. Defendant was later arrested and charged with cultivation of marijuana and possession of a controlled substance (psilocybin).

Defendant thereafter moved to suppress the evidence obtained during the search of his residence, asserting that the affidavit in support of the search warrant was legally insufficient.

The judge who presided at the hearing on defendant's motion was the same judge who had previously issued the warrant to search defendant's residence. The court concluded that the affidavit did not set forth sufficient facts to allow a judge to find probable cause to search defendant's home and that the

court's issuance of the warrant was therefore improper. The court determined, however, that the executing officer's reliance on the warrant was objectively reasonable and that the evidence was therefore admissible under the good-faith exception to the exclusionary rule. Accordingly, the court denied defendant's motion to suppress. The conviction here at issue followed.

## I.

We first address, and reject, the People's contention that the trial court erred in concluding that the affidavit did not establish probable cause for the issuance of a warrant to search defendant's residence.

■ Probable cause for issuance of a search warrant exists when the supporting affidavit alleges sufficient facts to warrant a person of reasonable caution to believe that contraband or evidence of criminal activity is located at the place to be searched. *People v. Leftwich*, 869 P.2d 1260 (Colo.1994); *see also* § 16–3–303, C.R.S. (1986 Repl.Vol. 8A).

■ The role of the judge issuing the search warrant is to make a "practical, common sense decision whether, given all of the circumstances set forth in the affidavit" there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *People v. Quintana*, 785 P.2d 934, 937 (Colo.1990).

■ A judge's probable cause determination is entitled to great deference, *People v. Leftwich*, *supra*, and reasonable doubts must be resolved in favor of that determination. A reviewing court must ensure, however, that the judge had a substantial basis for concluding that an affidavit established probable cause to search. *People v. Abeyta*, 795 P.2d 1324 (Colo.1990).

■ In making this determination, the reviewing court must restrict itself to the four corners of the affidavit and must analyze the affidavit in a nontechnical and common-sense fashion. *People v. Paquin*, 811 P.2d 394 (Colo.1991).

■ To determine whether probable cause exists, the court must consider the totality of the facts and circumstances known to the officer at the time of the search. *People v. Leftwich, supra.*

Due consideration should be given to a law enforcement officer's experience and training in evaluating the significance of the officer's observations relevant to the probable cause determination. *Henderson v. People*, 879 P.2d 383 (Colo.1994), *cert. denied*, 513 U.S. 1063, 115 S.Ct. 677, 130 L.Ed.2d 609 (1994).

■ The critical inquiry under the totality of the circumstances test is whether there is a substantial basis in the affidavit itself for the determination that there are reasonable grounds to believe that contraband or other incriminating evidence will be found at the place to be searched. *People v. Paquin, supra*. Thus, whether facts in an affidavit establish probable cause for a search warrant depends "not on a rigid set of legal rules but on a practical, nontechnical totality of the circumstances approach." *People v. Abeyta, supra*, 795 P.2d at 1327.

■ Here, in reviewing his own probable cause determination, the trial court determined that the affidavit did not establish a substantial basis for concluding that there was probable cause to search defendant's residence. More specifically, the court concluded that, although the information in the affidavit may have created a reasonable suspicion that defendant was engaged in criminal activity, it did not, without more, establish probable cause to support the issuance of a search warrant. Based on our review of the record, we agree with the trial court's determination.

The affidavit contained facts regarding defendant's non-criminal activities but did not contain any facts, such as statements by informants, clearly indicating that he was or might have been engaged in illegal drug activity. Moreover, while the affidavit indicated that defendant had had previous contact with law enforcement officials and that a warrant had been issued for his arrest on "misdemeanor charges," this information added little to the probable cause equation. The affidavit did not explain the nature of the charges and did not contain any information implicating defendant in previous illegal

activity related to the possession, cultivation, or sale of drugs. If the charges had been drug-related, and the affidavit had disclosed that fact, the analysis of whether there was probable cause to search defendant's home might have been different.

■ We recognize that hydroponic equipment may be used to grow marijuana and that one indicator of indoor marijuana cultivation is a high rate of electrical consumption. *People v. Quintana, supra; People v. Wilson,* 819 P.2d 510 (Colo.App.1991). We are also aware that innocent behavior can, under some circumstances, provide the basis for a showing of probable cause. *See People v. Turcotte–Schaeffer,* 843 P.2d 658 (Colo. 1993).

Here, however, the degree of suspicion that attaches to the types of non-criminal activity described in the affidavit was insufficient to establish probable cause to search defendant's home. In our view, defendant's purchase of hydroponic growing equipment, his having transported the equipment to his house in a rental car, and his inordinate electrical usage were insufficient, without more, to establish that illegal activity was taking place and, therefore, did not provide probable cause for the issuance of a warrant to search his residence. *See People v. Left-wich, supra; People v. Titus,* 880 P.2d 148 (Colo.1994); *cf. People v. Quintana, supra* (affidavit including information regarding defendant's consumption of an abnormally high amount of electricity together with an informant's statements regarding defendant's activities suggestive of marijuana cultivation established probable cause for the issuance of a search warrant); *People v. Wilson, supra* (affidavit including information regarding defendant's high rate of electrical use and other indicators of indoor marijuana cultivation together with informant's statements regarding defendant's suspicious activities sufficient to establish probable cause).

## II.

Defendant contends that the trial court erred in concluding that although the warrant was not supported by probable cause, the evidence obtained during the search of his residence was admissible pursuant to the good-faith exception to the exclusionary rule. He maintains that, contrary to the trial court's conclusion, the executing officer's reliance on the warrant was unreasonable and that the evidence was therefore inadmissible. We agree.

■ At the outset, we note that a trial court's ruling on a motion to suppress will not be disturbed if it is based upon a proper application of the law to factual findings which are adequately supported by the record. *People v. Palmer,* 888 P.2d 348 (Colo. App.1994).

■ The good-faith exception to the exclusionary rule permits courts to admit evidence where the deterrent objective of the rule cannot be achieved. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *People v. Deitchman,* 695 P.2d 1146 (Colo.1985).

Section 16–3–308, C.R.S. (1986 Repl.Vol. 8A), the statutory good-faith exception, provides that evidence "shall not be suppressed by the trial court if the court determines that the evidence was seized by a peace officer" as a result of a "good faith mistake or of a technical violation." Good faith mistake is defined as "a reasonable judgmental error concerning the existence of facts or law which if true would be sufficient to constitute probable cause." Section 16–3–308(2)(a), C.R.S. (1986 Repl.Vol. 8A).

■ The good-faith exception applies when a law enforcement official was acting in reasonable reliance on a search warrant issued by a detached and neutral judge, and the warrant is later found to be unsupported by probable cause. The good-faith exception is applicable, however, only when the officer's reliance on the warrant is objectively reasonable. *People v. Titus, supra.*

■ There are four situations in which an officer's reliance on a warrant would not be objectively reasonable and therefore not in good faith: (1) when a facially sufficient affidavit is based on knowingly or recklessly made falsehoods; (2) when the issuing judge wholly abandoned his or her judicial role; (3) when the warrant is so lacking in specificity

that the officer could not determine the place to be searched or the things to be seized; and (4) when the affidavit is a "bare bones" affidavit that is so lacking in indicia of probable cause that official belief in its existence is unreasonable. *United States v. Leon, supra; People v. Taylor,* 804 P.2d 196 (Colo.App. 1990).

Here, defendant maintains that the good-faith exception does not apply because the affidavit is so lacking in indicia of probable cause that the executing officer's belief that the warrant was valid was unreasonable.

██ The question of objective reasonableness is a question of law that is subject to *de novo* review. *People v. McKinstrey,* 852 P.2d 467 (Colo.1993).

██ The critical inquiry in determining whether an officer's conduct was objectively reasonable is:

whether a reasonably well-trained officer in [the officer's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.

*Malley v. Briggs,* 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271, 281 (1986).

██ The fact that an issuing judge acted favorably on a warrant request "is of no moment in the determination of whether the officer acted with objective reasonableness because the question of reasonableness is to be judged as of the time of the warrant application and thus without consideration of the fact that the magistrate thereafter issued a warrant." *People v. Leftwich, supra,* (fn.11); *but see* § 16–3–308(4)(b), C.R.S. (1986 Repl.Vol. 8A) (providing that the fact that evidence was obtained pursuant to, and within the scope of, a search warrant constitutes prima facie evidence that the executing officers' conduct was performed in the reasonable good faith belief that it was proper, unless the warrant was obtained through intentional and material misrepresentation); *People v. Taylor, supra* (relying on § 16–3–308(4)(b) in finding that good-faith exception applied). Thus, if a reasonably well-trained officer exercising his or her professional judgment would have known that the search was illegal despite the judge's authorization,

the officer's reliance on the warrant will not be considered objectively reasonable. *United States v. Leon, supra; see also Malley v. Briggs, supra.*

██ Based on our independent review of the record, we conclude that the affidavit at issue here was so lacking in probable cause that the executing officer should have known that the search of defendant's residence was illegal despite the magistrate's issuance of a warrant. While the affidavit contained facts regarding defendant's non-criminal activities, it was devoid of facts indicating that he was currently or had previously been engaged in illegal drug activity or establishing that a search of his residence was likely to uncover contraband or other evidence of criminal activity. It was thus a "bare bones" affidavit and, in our view, the officer's belief that the warrant was valid was objectively unreasonable. Consequently, the evidence obtained during the search of defendant's residence is inadmissible. *See People v. Leftwich, supra.*

In light of our determination that the evidence was inadmissible because the officer's reliance on the warrant was objectively unreasonable, we need not address defendant's additional contention that the evidence was inadmissible under the good-faith exception to the exclusionary rule because the judge abandoned his detached and neutral judicial role in issuing the warrant.

The judgments of conviction are reversed and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

PLANK and MARQUEZ, JJ., concur.